### MAURICE EMORY

*v.*

### SARAH ADDIS.

1. ASSIGNMENT OF ERROR — *instruction given by consent.* Where no exception is taken to the giving of an instruction at the time it is given, and the record shows that it was given by agreement of parties, they are precluded from assigning it as a cause of error, whether it states a correct principle of law or not.

71   273
21a  128
25a  485
71   273
27a  490
71   273
133  647
71   273
142   76
146  134
71   273
50a  262
71   273
63a  493
71   273
72a   34
71   273
81a  607
71   273
87a  467
71   273
100a ²613
71   273
102a ³405
71   273
201  ³ 81

2. ERROR—*how availed of.* When excessive damages are not assigned as a ground for a new trial in the court below, nor for error in the Supreme Court, the appellant is not in a position to have that question reviewed.

3. NEW TRIAL—*newly discovered evidence.* A motion for a new trial, based upon newly discovered testimony, should be supported by the affidavits of the witnesses by whom it is proposed to prove the facts relied on, or show some excuse for not obtaining them.

4. INTOXICATING LIQUORS—*remedy of party injured.* In a suit by a wife to recover damages for injury to her means of support, by reason of the death of her husband, caused by intoxication produced by intoxicating liquors sold to him, it will avail the defendant nothing to show that other persons sold liquor to the husband that may have contributed to his intoxication. The statute has given an action to the party injured, severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication in whole or in part.

5. The party injured may elect to proceed, severally or jointly, against the persons who caused the intoxication, but there can be but one satisfaction for the injury. A recovery and satisfaction by the party injured against one, would constitute an effectual bar to any recovery against another who may have, "in part," contributed to cause the intoxication.

APPEAL from the Circuit Court of Coles county; the Hon. OLIVER L. DAVIS, Judge, presiding.

This was an action brought by Sarah Addis against Maurice Emory, to recover damages on account of the death of her husband, caused by intoxication produced by liquor sold to him by Emory. The plaintiff recovered $2000 in the court below, and the defendant appealed. The facts are stated in the opinion.

Mr. H. S. CLARK, and Messrs. WILEY & PALMER, for the appellant.

Messrs. STEELE & HUGHES, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought under the statute, by appellee, to recover damages for injury to her means of support, by rea-

son of the death of her husband, which, it is said, was caused by intoxication produced by intoxicating liquors sold to him by appellant. or by his clerk, at his saloon.

Appellant has assigned but three errors on the record:

*First*—The court erred in its instruction to the jury.

*Second*—The court erred in refusing to grant a new trial.

*Third*—The verdict is contrary to the law and against the evidence.

The first error assigned was not embraced in the motion for a new trial in the court below, nor was the attention of the court called to it in any manner. There was but one instruction given, and it is recited in the record that was given by agreement of parties. No exception was taken to it when given, and having been given by consent, appellant is precluded from assigning it as a cause of error in this court, whether it states a correct principle of law or not. He can not have it reviewed. Had the attention of the court been called to it, if wrong it will be presumed it would have been rejected.

Under the second point made, appellant insists the court erred in not granting a new trial for the reasons set forth in the affidavit, in which is alleged the discovery of new and material evidence. The witnesses whose testimony, it is said, would be material on another trial, either reside in the city of Mattoon, or the vicinity, in the county where the trial was had. It does not seem to us any diligence is shown to discover the testimony now deemed so material to the defense of the action. But there is still a more fatal objection. It has been ruled by this court a motion for a new trial, based upon newly discovered testimony, should be supported by the affidavits of the witnesses by whom it is proposed to prove the facts relied on, or show some excuse for not obtaining them.

No affidavits are produced in support of the motion, and although most of the witnesses reside in the same town with appellant, and the others not far distant, no effort is made to

Opinion of the Court.

excuse the failure to produce the necessary affidavits. The case of *Cowan* v. *Smith*, 35 Ill. 416, is conclusive upon this point.

The principal ground, however, relied on for a reversal of the judgment, is, the verdict is contrary to the law and against the evidence.

We have considered the case with great care, and are unable to perceive any reason for saying the verdict is against the weight of the evidence, or that it is the result of passion or prejudice. It would simply be an arbitrary exercise of power to set it aside.

The proof shows the deceased came into town about noon of the day of his death. He was then perfectly sober. He obtained the first liquor at appellant's saloon. During the afternoon he drank at other places. It is shown he again drank beer or whisky at the counter of appellant. Later in the day he was seen to "go in and out" of the saloon, and, as the witness says, "he kept getting fuller all the time; was getting tighter and tighter." Before 10 o'clock at night, he was reeling, staggering drunk, passing in and out of appellant's saloon. He got into an angry quarrel with an engineer, who knocked him down. The witness parted with the deceased in front of the drug store. This was the last that was seen of him alive. He was found next morning on the railroad track, all cut to pieces, evidently by the passing train.

We are not left to mere conjecture as to the primary cause of the death of Addis. No one can read the evidence without being driven to the conclusion, but for the intoxication he would, in all probability, be living to-day.

There was sufficient evidence to warrant the jury in finding the proximate cause of his death was the intoxication produced, "in whole or in part," by the liquors sold him at appellant's saloon. No doubt had he been sober he would have gone home with the witness, Bartells, and this fearful calamity would not have happened.

It is proven the deceased, when sober, was an industrious man. He was a plasterer, and when he did not have work in his trade, he labored in other employments.

The testimony shows he maintained his family, consisting of appellee and three children, very comfortably by his labor. Appellee had no other means of support. This was cut off by the sudden death of her husband. She has now nothing left to depend upon but her own labor. The death of her husband is a permanent injury to "her means of support." It amounts to a total deprivation, and the evidence would warrant a remunerative and substantial verdict. But it is not assigned for error, nor as a ground for a new trial in the motion made in the court below, that the damages are excessive, and the appellant is therefore in no position to have that question reviewed in this court.

It will avail appellant nothing that it is shown other persons sold Addis liquors that may have contributed to his intoxication. Legally and morally they may be as guilty as he is, or even more so. The statute, however, has given an action to the party injured, "severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused intoxication, in whole or in part, of such person or persons."

The statute is broad and sweeping in its provisions, but the wrongs it is intended to prohibit can only be prevented by the rigid enforcement of highly penal laws. He who deliberately sells that which he knows will inflame the passions, deprive the party of the control of his judgment, and render him, for the time being, incapable of exercising proper care for personal safety, or that of his property, must be prepared for the consequences that may follow. One risk incident to the traffic is, by the statute, he is made responsible for all the injuries such persons may inflict.

But there can be but one recovery for an injury done under this statute. A recovery and satisfaction by a party injured against one, would constitute an effectual bar to any recovery

against another who, "in part," may have contributed to cause the intoxication of the person who committed the injury. The party injured may elect to proceed severally or jointly against the persons who cause the intoxication, but he can have but one satisfaction for an injury.

The evidence sufficiently sustains the verdict, and no error is assigned, nor indeed is any perceived in the record, on which a reversal of the judgment could, with any propriety, be based.

A majority of the court are of opinion the judgment should be affirmed, which is accordingly done.

*Judgment affirmed.*