HERMANN SCHRODER

*v.*

VIRGINIA F. CRAWFORD.

1. INTOXICATING LIQUORS—*liability for injuries resulting from sale of intoxicating liquors.* Where an intoxicated person in going to his home in the night has to cross a railroad, and next morning is found on the track, killed by being run over by a train of cars, the intoxication will be held the proximate

94　357
146　134
94　357
72a　680
94　357
210　¹361
94　357
e215　¹374
115a　¹261

cause of his death, and the party furnishing him the liquor, and the owner of
the premises where the liquor is furnished to him, will be liable to his widow,
under the statute, for injury to her means of support.

2. SAME—*statute must have practical construction.* It is not the intention of
the statute that the intoxicating liquor alone, exclusive of any other agency,
shall do the whole injury for which a civil remedy is given. The statute was
designed for a practical end and to give a substantial remedy, and should not
be so construed as to defeat the purpose designed.

3. PLEADING AND EVIDENCE—*when averment need not be proved.* Where a
declaration in a suit by a widow to recover damages for the death of her hus-
band by the sale of intoxicating liquor to him, alleged that he was killed by
a train of cars in consequence of his intoxication, without any fault on the
part of the railway company, it was held that in the absence of proof of
fault on the part of the company it would be presumed there was none, and
that the allegation not being material, was not necessary to be proved.

·APPEAL from the Appellate Court for the Third District;
the Hon. CHAUNCEY L. HIGBEE, presiding Justice, and the
Hon. LYMAN LACEY and Hon. OLIVER L. DAVIS, Justices.

Messrs. OSBORN & LILLARD, and Mr. J. H. ROWELL, for
the appellant.

Messrs. KARR & KARR, and Mr. NEWTON B. REED, for
the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

On the night of May 6, 1876, James T. Crawford was
killed by a train of cars on the track of the Chicago and
Alton Railroad Company, between the city of Bloomington
and the town of Normal, in this State.

Virginia F. Crawford, his widow, brought this action under
the Dram Shop act, to recover damages for injury to her means
of support from such death, the declaration alleging it to
have been caused in consequence of the intoxication of de-
cedent, and the action being against certain keepers of dram
shops in Bloomington as having furnished the liquor which
caused the intoxication, and the owners of the buildings in

which the liquors were sold, the statute giving the action severally or jointly against such persons.

The suit during its pendency having been dismissed as to all the defendants except Schroder, the owner of one of the buildings, and Dwyer, the keeper of one other of the dram shops, a verdict and judgment were rendered against Schroder and Dwyer for $2500, and Schroder took an appeal to the Appellate Court for the Third District, where the judgment was affirmed, and from that judgment of the Appellate Court Schroder appealed to this court.

On this appeal from the Appellate Court, where only questions of law are re-examined, there are but two of the assignments of error, as we regard, to be considered,—one, that the damages are too remote, the other, respecting instructions.

The facts appearing are that Sullivan kept a drinking saloon in the building owned by Schroder; that decedent on the day of his death was at Sullivan's saloon in the forenoon from about nine to twelve o'clock; that he procured intoxicating liquor and was intoxicated there, and was there again at two or three o'clock in the afternoon; that from about twelve to three or four o'clock in the afternoon, with the above exception, he was at Dwyer's saloon, where he obtained intoxicating liquor and was intoxicated when there; that he was seen at another saloon as late as five o'clock, and was still intoxicated; that at ten o'clock at night he was seen intoxicated, and it was raining; that no more was seen of him, and nothing was known of the circumstances of his death, more than that about five o'clock the next morning his dead body was found upon the railroad track crushed and mangled, evidently having been run over by a passing train of cars. To reach his home from Bloomington, two railroad tracks had to be crossed.

It is contended on the part of appellant that the proximate cause of decedent's death was the train of cars; that if his intoxication at the time contributed to his death, it was a

remote cause, in respect of which there is no liability, and
*Shugart* v. *Egan,* 83 Ill. 56, is cited as sustaining this view.
It was there held, where an intoxicated person had been
assaulted and killed by a third party, that the seller of the
intoxicating liquor was not liable in damages to the widow
for the death. It was there said to be the common experi-
ence of mankind that the condition of one intoxicated invited
protection against violence rather than attack, and that it
was not a natural and probable result of intoxication that the
person intoxicated should come to his death by the willful,
criminal act of a third party. The present case is quite dif-
ferent. The death was not caused by the direct, willful and
criminal act of a third party. It can not be affirmed that it
was not a natural and reasonable consequence of the intoxica-
tion that the person intoxicated, with two railroad tracks lying
between him and his home, should in a dark night meet with
injury or death upon a railroad track, from a running engine
or train of cars—that it was not such a consequence as in the
ordinary course of things might result. Instances of the very
occurrence have come before this court. *Emory* v. *Addis,* 71
Ill. 273, was a like action with the present, where the death
of the intoxicated person was caused by his being run over
on a railroad track by a passing train, in the same manner
as here, and a recovery of judgment by the plaintiff was
sustained. The intoxication was held to be the proximate
cause of the death.

The action is not a common law action, depending for its
maintenance upon common law principles, but it is a statutory
remedy and lies as given by the statute. The statute giving
the action is very broad in its terms, declaring that "Every
husband, wife, etc., who shall be injured in person or property
or means of support by any intoxicated person, or *in conse-
quence of the intoxication,* habitual or otherwise, of any person,"
shall have the right of action. If a person, because of being
intoxicated, lies down upon, or falls on a railroad track and
is unavoidably run over and killed by a passing train of cars,

the result is in consequence of the intoxication. It is said there was here an intervening agency which caused the death, to-wit: the train of cars; that that was the proximate cause, and the intoxication but the remote cause, and that the proximate cause only is to be looked to. So it might be said where one from intoxication lies down and becomes frozen to death, or falls into the fire and is burned to death, or is drowned by a freshet, as in *Hackett* v. *Smelsley*, 77 Ill. 109, that the intervening agency of frost, fire and the freshet occasioned the death and was the proximate cause, and thus no liability under this statute. This would be construing away the statute in defeat of its purpose.

It was not the intention that the intoxicating liquor alone, of itself, exclusive of other agency, should do the whole injury. That would fall quite short of the measure of remedy intended to be given. The statute was designed for a practical end, to give a substantial remedy, and should be allowed to have effect according to its natural and obvious meaning. Any fair reading of the enactment must be that in the instances above, as well as the present, the death would have been in consequence of the intoxication within the undoubted intendment of the statute.

We perceive no error in respect of instructions. The chief complaint is the refusal to charge that the jury should find for the defendants if the death of the decedent was produced by the carelessness of the railroad company, or if there was a failure of proof that it was not produced by the fault of the railroad company.

Without admitting that negligence on the part of the railroad company would bar a recovery, it is sufficient to say that there was no proof whatever as to any negligence of the company, and so no evidence upon which to base an instruction in that respect.

It is supposed that, as the declaration alleges that the death was produced without any fault on the part of the railroad company, it was necessary to prove the averment. But if

no fault of the company was shown, it might be presumed there was none. The allegation, too, was not material, and so unnecessary to be proved. The ninth refused instruction asked by the defendant was substantially the same as the appellant's fifth refused instruction in *Roth* v. *Eppy*, 80 Ill. 288, which the court there held to have been properly refused.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE WALKER: I am unable to concur in holding the owner of the property liable in this case.