MARGARET HART

v.

WILLIAM H. DUDDLESON.

</div>

1. Sale of intoxicating liquor—Instructions.—In an action brought by a wife against a saloon keeper for selling and giving intoxicating liquor to her husband, causing his intoxication, from the effects of which it was claimed he died, an instruction which required the plaintiff to prove that the intoxication was the "immediate or proximate cause of the death" and that "the actual damages claimed were the direct consequences of the intoxication" was proper.

2. Verdict sustained by evidence.—The court is of opinion that the verdict in this case was authorized by the evidence. Although appellant, by proof of the facts and circumstances under which her husband died, made a strong *prima facie* case of death from intoxication, the evidence of physicians who are in no way discredited, so far overcomes that proof as to entitle appellee to the verdict.

Appeal from the Circuit Court of Crawford county; the Hon. William C. Jones, Judge, presiding. Opinion filed November 24, 1886.

Messrs. Callahan & Jones and Messrs. Robb & Bradberry, for appellant; cited C., R. I. & P. R. Co. v. Moffitt, 75 Ill. 524; Hoener v. Koch, 84 Ill. 408; Smith v. Stevens, 82 Ill. 554; Kent's Com. 463, 465; Schroder v. Crawford, 94 Ill. 357; Hackett v. Smelsley, 77 Ill. 100.

Messrs. Parker & Crowley, for appellee.

Hart v. Duddleson.

WILKIN, P. J.   This suit was brought by appellant against appellee for selling and giving intoxicating liquors to her husband, Jacob Hart, causing his intoxication, from which it is alleged he died, thereby injuring her in her property and means of support.   Jacob Hart was seventy-seven years old, in general good health, but addicted to the excessive use of intoxicating drinks.   On the last day of November, 1885, he left his home sober, and in his usual health, and went a distance of some eight miles to the village in which the defendant kept a saloon.   While there he became drunk, and it is not denied that he drank at defendant's bar twice or oftener, and that he got two pints of liquor which he carried away with him.   He started home in the afternoon of that day, which was Monday, very much under the influence of liquor, and near night was found by a friend some two miles from the village going in a direction opposite from his home, seemingly bewildered and still very much intoxicated.   By this friend he was taken to a neighboring farm house and there kept and cared for until the following Thursday, when, about noon, he died.   When he reached the farm house he was unable to get off his horse, and was so drunk that he could not stand or walk without assistance.   He was put to bed about nine o'clock, being then unable to undress himself.   The two pint bottles were found in his pockets partly full of liquor.   During that night he was restless, breathed heavily and groaned as if in pain.   In the morning he was found to be unconscious, and so continued until he died.   On Tuesday Dr. Ribbie was sent for, who made a prescription for him, but did not see him until Wednesday.   He continued to treat him until his death.   No other physician saw him.   The ground of defense was that intoxication was not the cause of death.   The verdict and judgment below was for the defendant, and the case is in this court by appeal, and two grounds of reversal are urged.   It is first insisted that erroneous instructions were given by the trial court on behalf of defendant, and secondly, it is urged that the verdict of the jury was not authorized by the evidence.   The objection to most of the instructions complained of is that they inform the jury that plaintiff could not recover unless she had shown injury to her means of support, whereas it is said there is evidence tend-

ing to prove the allegation that she was injured in her property. The objection may be disposed of by simply saying that no such evidence is pointed out, and upon a careful examination of the bill of exceptions as abstracted we find none. The third and tenth instructions are objected to because the third required plaintiff to prove that the intoxication was the "immediate or proximate cause of the death," and the tenth, "that the actual damages claimed were the direct consequence of the intoxication," the objection being that the terms "*immediate* or *proximate* and *direct*" are used. We think these instructions by apt words announce the correct rule of law in such cases. Hilliard on Torts, Vol. 1, Sec. 9, page 78 ; Shugart v. Egan, 83 Ill. 57; Schmidt et al. v. Mitchell, 84 Ill. 195. The difficulty, if any, is not in any uncertainty as to the rule of law, but as was said by Justice Scholfield in Shugart v. Egan *supra*, "in satisfactorily determining whether particular acts were to be regarded as the immediate or remote cause." It is evidently here that counsel for appellant fall into error, for in the argument they assume that under these instructions there could be no recovery where certain consequences, such as paralysis or pneumonia, falling from a horse, exposure to cold and freezing, falling into a stream and drowning, resulted from intoxication. The law would undoubtedly treat death in any of the supposed cases as the immediate and proximate result of intoxication. In Emory v. Addis, 71 Ill. 273, the deceased became intoxicated and the next morning was found on a railroad track evidently killed by a train, and the court say : " There was sufficient evidence to show that the proximate cause of death was the intoxication. So in Schroder v. Crawford, 94 Ill. 357, it is held that a recovery may be had in the cases put by counsel upon the express ground that within the provisions of the statute the intoxication is the proximate cause of death. In fact the jury were instructed to the same effect in this case at the instance of appellant. The instructions, taken altogether, present the law of the case correctly as we understand it. It can not be said there is no evidence to support the verdict, unless the position that the opinions of the medical witnesses sworn on behalf of appellee were incompetent, is tenable. That evidence could only be incompetent

Hart v. Duddleson.

because of the manner in which the opinions were called for, or given. No objection having been made to such evidence on the trial none can be successfully urged here. It must therefore be conceded that there is *some* evidence upon which to base the finding of the jury, and it only remains to be seen whether or not the verdict is so manifestly against the evidence as to indicate that the jury was influenced by prejudice or passion. If not, neither the court below nor this would be authorized to set it aside. It can not be denied that to the common observation it is difficult to separate the death of Jacob Hart from his intoxication the Monday night before he died, and in the light of all the evidence say that the relation of cause and effect did not exist. The attending physician, however, swears that he died from paralysis originating in the brain and "caused by old age." He also swears on cross-examination, "Intoxication might possibly have produced it; fatigue might have caused it; these causes might have possibly produced the paralysis, *but it is not probable that they did.*" The evidence of this witness as well as that of two other physicians who swear that they heard all the evidence, is to the effect that the intoxication was in no way the cause of the paralysis of which they agree he died. Three other physicians were sworn, two on behalf of appellee, neither of whom give a direct opinion as to whether the intoxication was or was not the cause of death, and a third, introduced by appellant, who is of opinion that but for the liquor he drank and his intoxication, "he would have had no trouble at that time." We do not overlook the fact that the attending physician shortly after his patient died made statements somewhat contradictory of his testimony upon the trial, though the language which he says he used is not wholly irreconcilable with his sworn statements. Notwithstanding appellant by proof of the facts and circumstances under which her husband died made a strong *prima facie* case of death from intoxication, yet the evidence of physicians, who are in no way discredited, so far overcomes that proof as to entitle the appellee to the benefit of a verdict in his favor. The judgment of the circuit court will be affirmed.

Affirmed.