AMBROSE BETTING *et al.*

*v.*

TARJON O. HOBBETT.

*Filed at Ottawa May 12, 1892.*

1. INTOXICATING LIQUORS—*action by widow against saloon-keeper for death of her husband—measure of recovery.* In an action by a widow to recover for an injury to her means of support by the death of her husband, occasioned, as alleged, by the sale to him of intoxicating liquors, by the defendant, the jury may take into consideration, in assessing her damages, not only the wages and earnings of her husband, but also the age and probable life of the husband till terminated by natural causes, together with all other facts and circumstances shown in evidence. In case of the husband's death the loss to the wife's means of support is co-extensive with her life, and the general average of the husband's contributions can only be ascertained from proof of his wages and earnings, which furnished her means of support.

2. In an action by a widow against saloon-keepers to recover damages for a loss in her means of support by the death of her husband, caused by his intoxication, the jury may infer a loss to plaintiff's means of support from proof of the husband's death, alone. So proof that the husband was a good workman, and a strong, healthy young man, earning $20 a month, which was devoted to the support of the family, and that he paid rent of house, for his wife's clothing, and for provisions, his death is actual evidence of the wife's loss in her means of support; and this is not overcome by proof that she also labored, kept boarders, and that the husband collected money which she had earned.

3. It does not follow that because a wife may be able-bodied and can earn a livelihood, she does not suffer injury in her means of support by the loss of her legal supporter. Nor does it so follow where she may have independent means of her own.

4. SAME—*action by widow for death of her husband—exemplary damages.* In an action by a widow to recover for an injury to her means of support by the death of her husband, caused by the selling and giving of intoxicating liquors to him, which caused his intoxication, the evidence showed that the deceased was drunk and on a railway track endeavoring to go home, and that soon after he was found dead upon the track, with wounds and injuries showing he was killed by a passing train, and also tended to prove the selling or giving of liquor to him by the defendants, and that the proximate cause of his death was intoxication produced by the liquors so sold and given to him. There was also evidence from which a loss of the plaintiff's means of support might be-

inferred: *Held,* that there was sufficient evidence of actual damages to the wife to authorize an instruction on the subject of exemplary damages.

5.  On the question of exemplary or vindictive damages, evidence is properly admissible which tends to prove that the defendants sold or gave intoxicating liquors to the plaintiff's husband at their respective saloons while he was intoxicated.  Such sales and gifts are unlawful and pernicious, and are not within the protection of their license to keep a dram-shop.  For such acts the jury may assess exemplary damages.

6.  INSTRUCTIONS—*stating abstract principle.* Instructions stating a mere abstract principle are only objectionable when their tendency is to mislead the jury.

7.  VARIANCE—*between declaration and evidence—when waived.* An objection that there is a variance between the declaration and the evidence will be waived if not made in the trial court, so as to afford an opportunity to obviate it by amendment.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. DORRANCE DIBELL, Judge, presiding.

Tarjon O. Hobbett, widow of Olsen Hobbett, deceased, brought her action in the circuit court of LaSalle county, against Ambrose Betting and John L. Whitman, under the ninth section of the Dram-shop act, for causing, in whole or in part, the intoxication of the plaintiff's husband, by reason whereof he was killed by a railway train.  Judgment was rendered in the trial court for the plaintiff, and this judgment was affirmed on appeal of the defendants below to the Appellate Court for the Second District, and the record is brought to this court by the further appeal of the defendants below.

Mr. JOHN McKEOUGH, for the appellant:

As to the measure of damage and exemplary damages, see Dram-shop act; *Freese v. Tripp,* 70 Ill. 496; *Kellerman v. Arnolds,* 71 id. 632; *Brantigan v. While,* 73 id. 561; *Kadgin v. Miller,* 13 Ill. App. 474; *Murphy v. Caman,* 24 id. 475; *Gansley v. Perkins,* 30 Mich. 493; *Fentz v. Meadows,* 72 Ill. 540.

Messrs. Browne & Ayers, for the appellee:

The statute gives liability for exemplary damages in cases of this description. Dram-shop act, sec. 9; *Roth* v. *Eppy*, 80 Ill. 283; *Hackett* v. *Smelsley*, 77 id. 109; *Lowry* v. *Coster*, 91 id. 182; *Murphy* v. *Curran*, 24 Ill. App. 475; *Kadgin* v. *Miller*, 13 id. 474.

If actual damages have been proved then the jury may award exemplary damages. *Freese* v. *Tripp*, 70 Ill. 496; *Lowry* v. *Coster*, 91 id. 182; *Hackett* v. *Smelsley*, 77 id. 109; *McEvoy* v. *Humphrey*, id. 390; *Brannon* v. *Silvernail*, 81 id. 434.

The right of recovery of exemplary damages in a case of this kind is not limited to furnishing the husband liquor after notice not to do so, or to a case of preventing one endeavoring to reform from habits of intemperance from doing so, by tempting or inducing him to drink intoxicating liquors. *Hackett* v. *Smelsley*, 77 Ill. 109.

A sale or gift of intoxicating liquors to a person after he is intoxicated is sufficient to warrant exemplary damages, if actual damages have been proved. *Murphy* v. *Curran*, 24 Ill. App. 475.

As to death of the husband being a damage to the wife's means of support, see *Emory* v. *Addis*, 71 Ill. 373; *Hackett* v. *Smelsley*, 77 id. 109.

The instruction in the case at bar is fully warranted in view of the evidence and is not erroneous. *Roth* v. *Eppy*, 80 Ill. 287; *Hackett* v. *Smelsley*, 77 id. 109; *Schneider* v. *Hosier*, 21 Ohio St. 98; *Lowry* v. *Coster*, 91 Ill. 185.

The giving of an abstract proposition of law is not such error in an instruction as will reverse, unless it can be seen that it was calculated to mislead the jury, or might have been prejudicial to the party complaining of it. *Town of Wheaton*, v. *Hadley*, 131 Ill. 640; *Ryan* v. *Donnelly*, 71 id. 100; *Bandalow* v. *People*, 90 id. 218; *Green* v. *Mann*, 11 id. 613; *Corbin* v. *Shearer*, 3 Gilm. 482.

Even where there is error in the instructions, which is not the case here in those of appellee, this court, in view of all the authorities to that effect, will hardly reverse the judgment below so long as the merits of the case are clearly in favor of the appellee, and where substantial justice has been done. *Beseler* v. *Stephani,* 71 Ill. 400 ; *Pahlman* v. *King,* 49 id. 266 ; *Potter* v. *Potter,* 41 id. 80 ; *Curtis* v. *Sage,* 35 id. 22 ; *Burling* v. *Railroad Co.* 85 id. 18 ; *McConnel* v. *Kibbe,* 33 id. 177 ; *Stickle* v. *Otto,* 86 id. 161 ; *Grier* v. *Puterbaugh,* 108 id. 602 ; *Cusick* v. *Campbell,* 68 id. 508 ; *Forney* v. *Thompson,* 14 Bradw. 393.

A judgment will never be reversed simply because an inaccurate instruction has been given, where the court can see that it has resulted in no injury to the party complaining. *Wiggins Ferry Co.* v. *Higgins,* 72 Ill. 518.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

No question of the sufficiency of the declaration was so raised in the trial court, and preserved in the bill of exceptions, as to bring it properly before this court for consideration ; and the question of variance between the allegations in the declaration and the evidence, which is discussed in appellant's printed arguments, is not before us, because appellants waived it by not raising it in the circuit court, where it might have been obviated by an amendment to the declaration. (*St. Clair County Benevolent Society* v. *Fietsam,* 97 Ill. 474 ; *Wight Fire Proofing Co.* v. *Poczekai,* 130 id. 139 ; *Chicago, Rock Island and Pacific Ry. Co.* v. *Clough,* 134 id. 594.) The only questions, therefore, which are discussed in the printed arguments before us, (and these arguments are the same that were presented to the Appellate Court,) which we can consider, are those arising upon the giving of instructions.

The twenty-first instruction given at the instance of appellee is as follows :

"The court instructs the jury, as a matter of law, that in a suit brought by a wife or widow to recover for an injury to her means of support, caused by the intoxication of her husband, produced, in whole or in part, by intoxicating liquor sold or given to him by the defendant or defendants, (if such facts are shown by the evidence,) if it further appears, from the evidence, that in consequence of such act of causing such intoxication, and as a proximate result or consequence of such intoxication so caused, she has sustained actual and real damages to her means of support, then the jury may, in addition to the actual damages shown, give exemplary or vindictive damages, unless it shall further appear, from the evidence, that such liquor was sold or given to the husband, not by the defendants, but by their agents or servants, and that the defendant or defendants had forbidden his or their said agent or agents to sell or give liquor to such husband, and did not know of or permit such sale or gift when made, in which case the defendants would not be liable to exemplary or vindictive damages."

It is contended that the evidence in the record does not tend to prove a state of facts upon which this instruction could have been properly given. We can not concur in this view. The evidence in the record proves that the deceased was drunk and on the track of the Chicago, Burlington and Quincy Railroad Company, endeavoring to go to his home; that very soon after he was seen in this situation, he was found dead, upon the railroad track, with such marks of mutilation upon his person as indicated that he had been struck and killed by a passing train; and there is evidence tending to prove that the appellants, at their respective saloons, sold or gave him the liquors which caused this drunkenness, on the same evening and but shortly before he was killed. In *Emory* v. *Addis,* 71 Ill. 273, where we reviewed questions of fact as well as of law, we held that like evidence was sufficient to prove that the proximate cause of the death of the husband was the in-

toxication produced, "in whole or in part," by the liquors sold him at the appellant's saloon; and, by a parity of reasoning, it must be here held that this evidence tends to prove that the proximate cause of the death of appellee's husband was the intoxication "produced, in whole or in part," by the liquors sold or given him by the appellants, at their respective saloons, on the evening that he was killed. The evidence further proves that the deceased was the husband of appellee at the time of his death, and we held in *Flynn et al.* v. *Fogarty,* 106 Ill. 267, that the jury were authorized to infer loss to plaintiff's means of support from proof of the husband's death, alone,—and to like effect see, also, *Emory* v. *Addis, supra,* and *Hackett et al.* v. *Smelsley,* 77 Ill. 122. There was, moreover, here, also evidence tending to proof of actual loss to appellee's means of support. There was evidence tending to prove that appellee had no means of support of her own; that the deceased was a good workman,—a strong, healthy young man,—earning twenty dollars a month, which was devoted to the support of the family; that he paid for rent of house, for clothing of appellee, and for provisions for the family. This is by no means overcome by the facts proved that appellee labored, kept boarders, and the deceased collected money which she had earned. As was said in *Hackett* v. *Smelsley, supra:* "Because the wife may be able-bodied and can earn a livelihood, it does not follow that she does not suffer injury in means of support by loss of her legal supporter. Nor does it follow where she may have independent means of her own." There was, therefore, sufficient proof of actual damages to authorize the consideration of the question of exemplary or vindictive damages, and upon the question of exemplary or vindictive damages there was evidence tending to prove that appellants sold or gave liquor to the deceased, at their respective saloons, on the evening of his death, after he was intoxicated. This was unlawful, and not within the protection of any license to keep a dram-shop, and was punishable by fine and imprisonment.

(Rev. Stat. of 1874, chap. 43, p. 143.) Such sales are not only unlawful, but it can need no argument to prove that they are pernicious and harmful in the extreme, and the jury may therefore assess exemplary or vindictive damages because of them. *Kennedy et al.* v. *Sullivan*, 136 Ill. 94.

The second and third instructions given at the instance of appellee are as follows:

"The court instructs the jury, that if you find for the plaintiff, then, in estimating the plaintiff's damages, if any, in this case, you may take into consideration not only the wages and earnings of the plaintiff's husband for any given period, as shown by the evidence, so far as you may believe, from the evidence, that such wages and earnings furnished a means of support for the plaintiff, but also the probable length of the life of said husband till terminated by natural causes, if, and so far as, it may be shown by the evidence, from the third day of February, 1890, had he not been killed upon that day.

"The court instructs the jury, further, that they may estimate, from all the evidence in the case, the prospective length of life of the husband of said plaintiff had he not been killed, (if he was so killed on the third day of February, 1890,) and may take this estimate into consideration, together with all other facts and circumstances shown in evidence, in fixing the amount of the plaintiff's damages, in case the jury finds for the plaintiff."

It is objected that this is "an absurd basis for computing damages," because "it is not what he (deceased) may have contributed during a given, limited period of his married life, —that is, what he contributed during a period of one week or one month,—but rather the general average of his contributions, which should be taken into consideration in forming a just estimate of how much she lost in her means of support by her husband's death." But, manifestly, in case of the death of the husband the loss to the wife's means of support

is co-extensive with the duration of her life, and the general average of the husband's contributions can only be ascertained from proof of his wages and earnings, which furnished her means of support. We said in *Flynn et al. v. Fogarty, supra:* "It was highly proper to show what the deceased had done in his lifetime,—the character of his business, his habits of industry and thrift, income, and all that sort of thing,—with a view of determining what he probably would have done in the future had he not been killed. Could it have been known to a certainty what he would have accomplished but for his death, that would have furnished the exact measure of her loss; but as that could not be definitely ascertained, the next best thing was to show the aid and assistance he probably would have rendered her but for his death, and this could only be done by proving his age, physical condition, habits of industry, thrift, etc., above indicated." We think the instructions were not erroneous.

It is objected that the sixteenth instruction is erroneous, in that it states a mere abstract principle. But instructions stating a mere abstract principle are only objectionable when their tendency is to mislead the jury, and we do not think that can be correctly said of this instruction.

Objections are urged to other instructions, but they are too general and indefinite to demand special attention.

We find no error in any of the instructions given, which, in our opinion, requires a reversal of the judgment of the Appellate Court. The judgment is therefore affirmed.

*Judgment affirmed.*