JOSEPH MEYER

*v.*

SOPHIA BUTTERBRODT.

*Filed at Mt. Vernon May 8, 1893.*

1. INTOXICATING LIQUORS—*the proximate cause of death.* In an action by a widow against a saloon-keeper, to recover damages caused by the sale or gift of intoxicating liquors, which produced the husband's intoxication and death, the court instructed the jury, for the plaintiff, as follows: "And if a person sells him intoxicating liquors, so as to produce intoxication sufficient to cause the person so intoxicated to lose his life, then the wife of the deceased has a right to demand and recover," etc.: *Held,* that the instruction, in effect, makes the death, the proximate result of intoxication, necessary in order to entitle the plaintiff to recover.

2. If an intoxicated person should fall into a stream and be drowned, or should go on a railroad and be there run over by a locomotive and killed, by reason of being incapable of exercising proper caution or taking proper care of himself, the proximate cause of his death would be his intoxication.

3. MIXED QUESTION—OF LAW AND FACT—*proximate cause of an injury —finding of Appellate Court conclusive.* Whether an act is the proxi-

mate cause of an injury is a mixed question of law and fact, which must be submitted to the jury under proper instructions. And the finding of the Appellate Court as to mixed questions of law and fact is final, and not subject to review in this court.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Randolph county; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. H. CLAY HORNER, for the appellant.

Mr. WILLIAM M. SCHUWERK, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This is an action on the case, by appellee, against appellant, begun in the circuit court of Randolph county, under the provisions of the Dram-shop act, to recover damages for an injury to her means of support by reason of the intoxication and death of her husband, caused by the sale to him of intoxicating liquors, by appellant. The plea was, not guilty. On a trial before a jury, a verdict was returned in favor of appellee, fixing her damages at $4000. A *remittitur* of $1000 being entered, judgment was rendered upon the verdict, against appellant, for $3000 and costs of suit. On appeal to the Appellate Court for the Fourth District that judgment was affirmed, and appellant now brings the record to this court.

The first count of the declaration alleges that the defendant sold and gave the husband of plaintiff intoxicating liquors, and thereby caused him to become intoxicated, "and, so being intoxicated, he,   *   *   *   in consequence thereof,   *   *   * while so intoxicated,   *   *   * . went into the Kaskaskia river,   *   *.   *   and then and there drowned and died in consequence of such intoxication by the defendant so wrongfully caused." The second count is the same as the first, and alleges: "And so being intoxicated, in consequence of such intoxication so by the defendant wrongfully caused as aforesaid, he, the said

\* \* \* while bathing himself in the Kaskaskia river, \* \* ·\* then and there, in consequence of such intoxication, took sick and died."

That the defendant, on the day alleged, did sell or give the husband of plaintiff intoxicating liquors, and that by reason thereof he became intoxicated, and that, being so intoxicated, he went from defendant's saloon to the river, and into it, and was there drowned, is not denied. The point of controversy, upon the trial and in the Appellate Court, was as to whether the drowning was caused by the intoxication.

That the evidence introduced by the plaintiff below tended to prove that it was in consequence of his intoxicated condition that the deceased went into the river at the place and under the circumstances that he did, must be conceded. Neither can it be denied that the evidence tended to prove, if it did not fully establish, the fact that his being drowned was the result of his intoxication. It was proved that when sober he was an expert swimmer, whereas on the occasion of his death he swam awkwardly and with apparent difficulty, his head, several times before he sank, being under the water, and that he vomited shortly before he finally went down. In other words, the evidence introduced on the trial at least tended to support the allegations of the declaration, not only as to the selling or giving intoxicating liquors and that intoxication resulted therefrom, but also that death was caused by such intoxication. The most that can be said is, that as to this last fact the evidence was conflicting. That being so, the judgment of the Appellate Court, affirming that of the circuit court, conclusively settles that and all other controverted facts against appellant. This conclusion so clearly resulting from section 89 of the Practice act, and so repeatedly held by the decisions of this court, seems to have been overlooked by counsel for appellant in his argument, or else he has failed to distinguish between matters of law and mixed questions of law and fact.

The first point is, that the alleged intoxication was not the proximate cause of the death of the husband of appellee. Whether an act is the proximate cause of an injury is a question for the jury, upon the evidence, under appropriate instructions. It is, in other words, a mixed question of law and fact, which must be submitted to the jury under proper instructions from the court. (*Pullman Palace Car Co.* v. *Bluhm*, 109 Ill. 20; *Bagley* v. *Grand Lodge of A. O. U. W.* 131 id. 498.) And the finding of the Appellate Court as to mixed questions of law and fact is final, and not subject to review in this court. (*St. Louis Nat. Stock Yards* v. *Wiggins Ferry Co.* 102 Ill. 514.) Unless, therefore, there was some error in the instructions of the court upon the question as to whether the intoxication was the proximate cause of the death of the deceased, the finding of the jury and judgment of the Appellate Court are as conclusive against the appellant on that as on any other fact in the case. There is certainly nothing shown by the facts and circumstances under which the deceased lost his life, inconsistent, as a matter of law, with the conclusion that it was the proximate result of his intoxication. Had he fallen into the stream and been drowned, or gone upon ·a railroad track and been run over by a locomotive, by reason of being incapable of exercising proper caution or taking proper care of himself, it would be clear, under the decisions of this court, that his death was the proximate result of his intoxication. *Emory* v. *Addis*, 71 Ill. 273; *Brannan* v. *Adams*, 76 id. 331; *Schroder* v. *Crawford*, 94 id. 357; Black on Intoxicating Liquors, sec. 311.

It is insisted, however, that the court below erred in giving and refusing instructions. The only exception taken to those given is to the fifth, which, it is said, fails to tell the jury that the intoxication "sufficient to cause the person intoxicated to lose his life" must be the proximate cause, etc. Only a portion of this instruction is copied into the abstract, and that portion does not give the true scope of it, when considered as

a whole. Turning to the record we find that it is an instruction informing the jury as to the right of a wife to maintain an action of this kind, regardless of the fact that she may have income or property in her own right, and only uses the language referred to by counsel as the basis of his criticism, incidentally. But even if it were otherwise, the instruction does, in effect, make the death, the proximate result of intoxication, necessary in order to entitle the wife to recover. The language is, "and if a person sells him intoxicating liquors, so as to produce intoxication sufficient to cause the person so intoxicated to lose his life, then the wife of the deceased has a right to demand and recover," etc. No one could understand this instruction as authorizing a recovery where the death was independent of the result of intoxication. Moreover, the first instruction given on behalf of plaintiff expressly told the jury that the death must be the direct consequence of the intoxication, and so did the second and third.

Counsel says: "Instructions refused appellant, we think, should have been given. The one as to the extraordinary and fortuitous event we especially think pertinent." This is a very general statement, and directs our attention to no particular reason why instructions refused should have been given, nor does it indicate which of the refused instructions counsel regards as especially pertinent. Upon this indefinite criticism of the rulings of the circuit court in refusing instructions, we can say no more than that, from an examination of those given at the instance of the defendant, we think the jury was fairly instructed as to the law of the case in his behalf, and that the refusal of others worked him no injury, without reference to the question as to whether they contained correct propositions of law or not.

We find no error in this record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*