## The Atchison, Topeka & Santa Fe Railway Company v. John R. Pitts.

1. PROXIMATE CAUSE—*how question as to whether negligence is, determined*. The question as to whether negligence is the proximate cause of the injury complained of, is ordinarily to be determined by the jury under appropriate instructions from the court.

2. OBSTRUCTION OF HIGHWAY—*when, by railroad train, may be proximate cause of injury*. The negligence of a railroad company in obstructing a street by a railroad train for a period of more than ten minutes, may be the proximate cause of an injury resulting to one seeking to climb over such train.

Action on the case for personal injuries. Appeal from the Circuit Court of Hancock County; the Hon. JOHN A. GRAY, Judge, presiding.

Heard in this court at the May term, 1905.    Reversed and remanded.
Opinion filed February 1, 1906.

ROBERT DUNLAP, JOHN D. MILLER and LEE F. ENGLISH,
for appellant.

W. H. HARTZELL and CHARLES J. SCOFIELD, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

John R. Pitts brought suit against the appellant, railway
company, to recover for injuries sustained by his son Carl
(then about seven and one-half years of age) alleged to have
resulted from the negligence of the company.

The negligence charged was that the railway company
obstructed a public street or highway in Pontoosac by
stopping a train of cars, where its track intersected such
street or highway, for more than ten minutes, and after
the expiration of such period of ten minutes said Carl in
the use of due care for one of his age, attempted to pass
over and across said obstruction, and while so passing, the
servants of the railway company without signal or warning
negligently started said train and in so doing jerked said
Carl down upon the track where one of his legs was cut off
by the wheels of the moving cars.

Two trials were had in the court below in each of which
Pitts recovered a verdict; upon the latter, judgment was
rendered for the sum of $1,500, and the railway company
appealed to this court.

Appellant contends that the obstruction of the street was
not the proximate cause of the injury, and that the weight
of the evidence does not show that the train blocked the
highway for ten minutes or more, and also that the evidence
shows that Carl got upon the train while it was in motion
and therefore was not in position to recover.

Whether an act is the proximate cause of an injury is a
question for the jury upon the evidence under appropriate
instructions.    Meyer v. Butterbrodt, 146 Ill. 131.    In the
case of Louis Weick v. George Lander, Administrator, in
75 Ill., page 93, where a contractor obstructed a street in

violation of an ordinance and by reason of that and other obstructions it became difficult for teams to pass each other in the street without collision, and the plaintiff's son, while riding upon the rear of one of two wagons, was injured by reason of a collision between such wagons, it was held that the contractor was liable and that the injury could properly be traced to the first wrong or obstruction of the street by him.

To leave a train standing upon a street crossing for more than ten minutes was forbidden by statute and was wrongful. Of necessity such an obstruction would impede public use of the street, and we are disposed to hold that if Carl was injured as the result of his attempt to use the street by climbing over cars standing still which had impeded the use of the street for ten minutes or more, that the injury can properly be treated as the proximate and natural result of the unlawful obstruction of the street. Burger v. M. P. Ry. Co., 112 Mo. 238, 20 S. W. Rep., p. 439.

The evidence in this case is conflicting upon the question as to how long the train in dispute blocked the street. Several witnesses for plaintiff testified that the train remained standing for considerably over ten minutes; but with the most of them it was merely a matter of guesswork. Several of the witnesses for appellee, who attempted to fix the time, say they consulted no time-piece of any kind, but merely gave estimates with no very distinct data to judge by; while upon the part of the appellant several witnesses testified that the train blocked the street less than ten minutes, and some of them seemed to have superior means of knowledge. The agents, whose duties were to fix and record the exact time of arrival and departure of trains, corroborated by the record entries of such time, the conductor and trainmen, whose duty it was to report arrivals and depart upon orders, all these fix the time of the obstruction of the street at much less time than ten minutes, and they fix such time largely from entries made at or near the time of the alleged injury. However much we might be disposed to hold that upon this phase of the

case the jury should be allowed to say which set of witnesses they would believe in deciding how long the train blocked the street, we do not think we can possibly say upon this record that the jury were warranted in finding that Carl got upon the train while the same was not in motion. It is true that Carl and his brother James both testify that Carl got upon the train while it was standing still; but upon the other hand Claude Gough and Foster Walker both testify that Carl got upon the train while it was in motion, and Mrs. Maggie Walker testifies that she saw the boys (Claude Gough, Carl and James Pitts) running towards the train while it was in motion. Corroboration of appellant's theory is found in other testimony, not disputed. Carl says: "When I got on the car it was right up close to the road. I was still in the street near where the wagons traveled," and that it jerked him right off. Foster Walker testified that Carl was right at the crossing when he got on the train. Carl Pitts and Lincoln Wilson both testified that Wilson picked Carl up from where he had fallen, and Wilson says he first saw Carl crawling on the ground 150 feet west of the crossing. From this evidence the conclusion seems irresistible that Carl must have got upon the train at the street crossing while it was in motion and rode or was carried 150 feet before he fell from the train, and that he was not jerked from the train by the sudden or negligent starting of the train as claimed by appellee.

Upon this branch of the case the clear preponderance of the evidence is with the defendant, and the verdict was therefore wrong.

For the reasons above stated the judgment will be reversed and cause remanded.

*Reversed and remanded.*