### Michael Lahey et al. v. Elnora Crist.

1. PROXIMATE CAUSE—*how question as to whether intoxication was, of injury complained of, determined.* Whether or not the intoxication of the plaintiff's intestate was the proximate cause of his death, is a question of fact to be determined by the jury.

2. INSTRUCTIONS—*effect of omission of word "case."* Held, that the omission of the word "case," in referring to the facts and circumstances proven upon the trial, was not prejudicially erroneous.

3. LOSS OF SUPPORT—*what essential to confer right of action for, arising from intoxication.* The statute conferring a cause of action where loss of support has been entailed by an intoxication caused by the defendants, does not recognize degrees of intoxication, and if it appears that the loss of support in question was proximately caused by the intoxication shown to have been the result of liquor sold by the defendants, a right of action is established.

4. VERDICT—*when excessive in action for loss of support.* A verdict of $3,000 is excessive where it appears that the deceased was, prior to the intoxication in question, a man given to the excessive use of intoxicating liquors, spent a considerable portion of his earnings in dissipation, contributed but little to the support of the plaintiff, and that his entire annual earnings did not exceed three hundred dollars.

Action on the case. Appeal from the Circuit Court of Coles county; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1906. Affirmed upon *remittitur.* Opinion filed November 27, 1906. *Remittitur* filed and judgment affirmed December 1, 1906.

EDWARD C. & JAMES W. CRAIG, JR., for appellants; SHUTT, GRAHAM & GRAHAM and CHARLES C. LEE, of counsel.

VOIGT & BENNETT and F. M. PHIPPS, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

The appellee, Elnora Crist, the widow of James Crist, deceased, brought her action on the case against the appellants, Michael Lahey and W. E. Graham, dram-shop keepers, Thomas Flynn and Sarah J. Moran, owners of the buildings, and George Reisch, the lessee of the owners and the lessor of Lahey and Graham, to recover damages for injury to her means of support, by causing the intoxication of her husband, whereby he was killed by a railroad train. There was a verdict and judgment in the court below against appellants for $3,000.

There is no force in appellants' contention that the record contains no proof of the sale or gift of intoxicating liquors by Graham and Lahey to the deceased. There is evidence tending to show that the deceased drank intoxicating liquor during the forenoon of January 3, 1905. This fact is testified to by the witnesses U. T. S. Rice and Walter Rice. It further appears from the evidence that the deceased went to Graham's saloon about six o'clock in the evening of that day drank bottled beer until 7:30 o'clock, when he went to a restaurant for lunch; that after eating lunch he returned to Graham's saloon, and continued to drink bottled beer there until 9:30 or ten o'clock, when he went to the saloon of the appellant Lahey; that he drank at least two or three bottles of lager beer in Lahey's saloon, and remained there until about 10:30 o'clock; that he then went to the saloon of one Langston, where he remained a short time, after which he wandered on the track of the Big Four Railroad and was there killed by a passing train. No witness testifies positively that the beer drank by the deceased at Graham's saloon was intoxicating, but such testimony was not necessary to establish that fact. The evidence tends to show that the deceased became intoxicated while drinking bottled beer in Graham's saloon, and it is manifest that his intoxication was conclusive evidence that such bottled beer was intoxicating liquor. It is uncontroverted that the deceased drank bottled lager beer in Lahey's saloon, and this fixes its character as intoxicating liquor. Hansberg v. The People, 120 Ill. 21.

There is a conflict in the evidence as to whether or not the deceased was intoxicated when he left the saloons of Graham and Lahey, but a careful examination of the record confirms us in the opinion that the jury was fully justified, under the evidence, in finding that the deceased was then intoxicated. It would serve no useful purpose to review in detail the testimony of the several witnesses who testified upon that issue.

It is urged on behalf of appellants, that even if the deceased was intoxicated as alleged, there is no evidence in the record to support the finding that such intoxication was the proximate cause of his death.

The tracks of the Big Four Railway run east and west through the city of Mattoon. The evidence tends to show that the deceased went on the railroad track at Twenty-first street, and that he walked west on the track to Twenty-ninth street, at or near which street he was struck by an eastbound passenger train and killed. The right of way of the railroad is fenced on both sides between Twenty-fourth and Twenty-seventh streets, and between Twenty-seventh and Thirty-second streets such right of way is fenced on the north side. The railroad track is not the usual and customary traveled route to the home of the deceased, which was one mile west and about seven miles north of the place he was killed, neither is it the usual and customary traveled route to the home of the brother of the deceased, which was half a block east and five blocks north of such place. The fact, therefore, that the deceased went upon the railroad track at the hour of eleven o'clock in the night, and that the night was so foggy that a locomotive headlight could not penetrate the fog, is strongly suggestive of the inference that he was so stupefied by liquor as to be oblivious to the danger which confronted him.

Whether or not the intoxication of the deceased was the proximate cause of his death was a question of fact for the jury (Trigg v. McIntyre, 215 Ill. 369), and we are content to abide the verdict upon that issue.

The 4th instruction requested by appellants and refused by the court might well have been given to the jury, but we do not consider its refusal ground for reversal. The insistence of appellants that the 14th instruction given at the request of appellee is incomplete, by reason of the omission of some word or phrase, is not justified by the record. The instruction

is clearly intelligible and states the law accurately. Appellee's 3rd instruction appears to have omitted the word "case" in referring to the facts and circumstances proven upon the trial. To say that the jury could have been misled to the prejudice of appellants by the instruction as given, would be requiring us to presume that the jury was entirely devoid of intelligence. We are not warranted in so presuming. Appellee's 12th instruction predicates a right of recovery against the owners of the buildings and their lessee, upon proof sufficient to authorize the jury to find the two saloon keepers guilty as alleged in the declaration. This the jury could not do without proof that the liquor procured by the deceased was intoxicating. The reference in the instruction to the liquor so sold to the deceased by the saloon keepers, must, therefore, have necessarily implied that such liquor had been shown by the evidence to be intoxicaing. Appellee's 13th instruction was approved by the court in Betting v. Hobbett, 142 Ill. 72.

Appellee's 4th instruction is as follows:

"The court instructs the jury that if you believe from the evidence that William E. Graham, on January 3, 1905, by himself or his servant, in a certain building occupied by him, sold or gave intoxicating liquors to James Crist (which in whole or in part caused the intoxication, if any, of the said James Crist), and that by reason of such intoxication, if any, the said James Crist was killed by a train, as alleged in the declaration, and that by reason of the death of said James Crist, the plaintiff, Elnora Crist, was injured in her means of support, then you should find the defendant Graham guilty; and if you further believe from the evidence that Thomas Flynn was the owner of said building and leased or rented it to George Reisch and that said George Reisch rented it to said Graham, and that both said Flynn and said Reisch at the time they so leased or rented it, if they did, knew that intoxicating liquors were to be sold

Lahey v. Crist.

therein, then you should also find said Flynn and Reisch guilty.''

It is urged against this instruction that by the use of the words ''if any'' following the word ''intoxication'' the jury was informed that if the deceased was intoxicated to any extent or partly intoxicated the defendants named would be liable. The instruction is not a model. It was not necessary to use the words ''if any,'' to avoid a possible assumption in the instruction that Graham gave or sold intoxicating liquor to the deceased which caused his intoxication, as the form of the instruction, rejecting those words, exclude any such assumption, by predicating a right of recovery, only upon proof of those facts. The words, were, however, evidently used in the instruction by counsel for appellee, out of abundance of caution, to avoid a fancied assumption of the proof of those facts. An analysis of the instruction does not, however, condemn it as misleading and prejudicial. There are, manifestly, different degrees of intoxication. The statute giving a right of recovery for loss of support, etc., by reason of intoxication, against the person or persons causing such intoxication, in whole or in part, does not assume to define the degree of intoxication necessary to be shown to warrant a recovery. If such intoxication is shown to be the proximate cause of the alleged loss of support, etc., it is sufficient, and a right of action accrues. The instruction in question requires proof of the gift or sale by Graham to the deceased of intoxicating liquor, and that such intoxicating liquor, in whole or in part, caused the intoxication of the deceased, and that such intoxication was the proximate cause of his death. There can be no doubt but that the instruction embodies every essential element necessary to be proven to warrant a verdict against Graham. A somewhat similar objection was urged against an instruction in Smith v. The People, 141 Ill. 447, and it was there

said: " * * * but even if there was intoxication 'in part,' or partial intoxication, yet if such intoxication was sufficient to have 'caused' the death of the deceased, we are unable to see why the case is not within the purview of the statute."

Appellee's 10th instruction is not entirely accurate, but in view of the fact that there is no proof in the record that the deceased procured intoxicating liquor elsewhere than at the saloons of Graham and Lahey, which could have caused his intoxication, and it sufficiently appearing that his intoxication was caused by the liquor procured and drank by him at those places, we do not think the jury could have been misled by the instruction to the prejudice of appellants.

It appears from the evidence that the deceased was a well digger and ditcher; that his annual earnings did not much exceed $300; that he was addicted to the excessive use of intoxicating liquors and spent a very considerable portion of his earnings in dissipation; that by reason of his habits in that regard, he contributed a comparatively small amount for the support of his wife, the appellee. We regard the judgment of $3,000 as excessive. If, within twenty days from the filing of this opinion, appellee will remit $1,000 the judgment will be affirmed for $2,000, otherwise the judgment will be reversed and the cause remanded.

*Affirmed upon remittitur.*

*Remittitur* filed and judgment affirmed December 1, 1906.