Hedlund v. Geyer.

### Mary Hedlund et al. v. Oscar Geyer et al.

#### Gen. No. 13,478.

DRAM-SHOP ACT—*who not jointly liable for damages resulting from sale of intoxicating liquors.* While the owner of premises is jointly liable with his tenants or the occupants thereof for the selling of intoxicating liquors, he is not jointly liable with a party selling liquor who is the occupant of premises over which he has no control.

BAKER, P. J., dissenting.

Action on the case. Appeal from the Circuit Court of Cook county; the Hon. GEORGE A. CARPENTER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed November 22, 1907.

Statement by the Court. In an action on the case brought by appellants, the minor children of John Hedlund, under section 9 of the Dram-Shop Act, against appellees for injury to plaintiffs' means of support occasioned by the habitual intoxication of

their father, the second count of the declaration averred that the defendant Geyer, by selling and giving intoxicating liquor to plaintiffs' father, caused his habitual intoxication, in whole or in part, for a period of years, etc.; that the defendants Uihlein and the Brewing Company owned, rented, leased or permitted the occupancy of certain saloons and dram-shops on premises other than those occupied by the defendant Geyer, having knowledge that intoxicating liquors were to be sold therein, and knowingly permitted therein the sale and gift, by their tenant Lundquist and other tenants, of intoxicating liquors which caused the intoxication, in whole or in part, of plaintiffs' father; that by means of the premises the plaintiffs had been injured in their means of support, etc. So far as the question here presented is concerned, the first count may be regarded as in substance the same as the second.

Each defendant demurred specially to the declaration, upon the ground that upon the facts stated in either count there was no joint liability between Geyer and the other defendants, and the other defendants were improperly joined as defendants with Geyer. The demurrers were sustained, "on the ground of the misjoinder of the defendants," and the plaintiffs abiding by their declaration, there was final judgment for defendants, and plaintiffs appealed.

Carl A. Ross, for appellants; Edwin White Moore, of counsel.

M. R. Harris and Lackner, Butz & Miller, for appellees.

Mr. Presiding Justice Baker delivered the opinion of the court.

The first clause of section 9 of the Dram-Shop Act gives to the person "injured in person, property or means of support, by any intoxicated person or in

Hedlund v. Geyer.

consequence of the intoxication, habitual or otherwise, of any person, a right of action in his or her name, severally or jointly, against any person or persons who shall by selling or giving intoxicating liquors have caused the intoxication, in whole or in part, of such person or persons.'' The second clause of the section is, ''And any person owning, renting, leasing or permitting the occupation of any building or premises, and having knowledge that intoxicating liquors are to be sold therein, or who, having leased the same for other purposes, shall knowingly permit therein the sale of any intoxicating liquors that have caused, in whole or in part, the intoxication of any person, shall be liable, severally or jointly, with the person selling or giving intoxicating liquors aforesaid, for all damages sustained and exemplary damages.''

The majority of the court are of the opinion that the words, ''persons selling or giving intoxicating liquors aforesaid,'' in the second clause of said section, refer and are limited to, the tenants or occupants of the building or premises of the owner or lessee mentioned in that clause, and do not refer to or include the ''person or persons who shall by selling or giving intoxicating liquors have caused the intoxication, in whole or in part,'' etc., mentioned in the first clause of said section; that upon the facts stated in the declaration the defendants Uihlein and the Brewing Company, while liable jointly with their tenants, or the occupant of their premises, for the act of the latter, are not jointly liable with the defendant Geyer, the occupant of premises over which they had no control, although their tenant or the occupant of their building and Geyer each sold or gave intoxicating liquors to John Hedlund, and thereby caused, in ''whole or in part,'' his intoxication and injured plaintiffs in their means of support; that a misjoinder of defendants appears from the facts stated in each count, and the special demurrers of the defendants thereto were therefore properly sustained.

In this conclusion I am unable to concur. The only provision as to damages in section 9 is that found in the second clause. That there is no distinction in respect to damages between the seller and the owner of the building; that both are liable for exemplary damages, was decided in Hackett v. Smelsley, 77 Ill. 109, cited and approved in Beckerle v. Brandon, 229 *id.* 323.

The second clause creates the liability on the part of the owner or lessor, and the last sentence of that clause provides that such owner or lessor, in the contingencies therein specified, "shall be liable, severally or jointly, with the person or persons selling or giving intoxicating liquors aforesaid, for all damages sustained and for exemplary damages." The words, "person or persons selling or giving intoxicating liquors," had not theretofore been used in the second clause, but only in the first clause of the section. The words, "intoxicating liquors," had been twice used in the last clause, in the sentence that provides that if the owner, etc., "having knowledge that *intoxicating liquors* are to be sold therein, or who having leased the same for other purposes shall knowingly permit therein the sale of any *intoxicating liquors*," etc. In construing the section we are to take the words which make the owner, "liable, jointly or severally, with the person or persons selling or giving intoxicating liquors aforesaid," and determine with whom the owner is thereby made liable, "jointly or severally."

The owner's tenant is not liable unless he, by selling or giving intoxicating liquors, caused the intoxication "in whole or in part." The owner is not liable unless his tenant is liable for selling or giving intoxicating liquors in the premises of the owner. To hold that the owners in this case are liable jointly with Geyer, who was not their tenant, is not to extend their liability, but only to join with them another defendant. If liable, they are liable, not for the acts of Geyer, but for the act of their tenants alone, and are so liable

Hedlund v. Geyer.

because they leased to him to sell, or knowingly permitted him to sell, in their premises, and he did sell therein, intoxicating liquors which caused, "in whole or in part," the intoxication of John Hedlund. The owner's liability is, by the provisions of that statute, put upon the same grounds as that of the seller, which is, that each has caused or contributed to the intoxication of a person, in consequence of which intoxication another person has been injured. It matters not under the statute that the owner and seller may have caused or contributed to such intoxication in different ways, the one by selling, the other by knowingly leasing or permitting in his premises the selling by another. The causing or contributing to the intoxication of one person, in consequence of which intoxication another person is injured, is the cause of action and only cause of action created by the statute. In Emory v. Addis, 71 Ill. 273, it was said, pp. 277-8: "There can be but one recovery for an injury done under this statute. A recovery and satisfaction by a party injured against one, would constitute an effectual bar to any recovery against another who 'in part' may have contributed to the intoxication of the person who committed the injury. The party injured may elect to proceed severally or jointly against the persons who cause the intoxication, but he can have but one satisfaction for the injury."

I think that the statute makes the owner, if liable with his tenant, liable with every other seller, whether such seller was or was not his tenant, and that in this case there was no misjoinder of defendants.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*

Mr. Presiding Justice BAKER, dissenting.