C. M. CAPEN *et al.*

*v.*

THE DE STEIGER GLASS COMPANY.

*Filed at Springfield Sept. 28, 1882—Rehearing denied January Term, 1883.*

1. APPEAL—*as to the amount involved.* Where the plaintiff in an action of assumpsit claimed $864 as the contract price on fifty-four gross of fruit jars, part of a lot of five hundred gross sold, two hundred and ninety-nine gross of which were not delivered, and the defendant, by pleas of set-off, claimed damages exceeding $1000 for breach of the contract of sale, and the

| 105 | 185 |
| 26a | 523 |
| 105 | 185 |
| 125 | 505 |
| 105 | 185 |
| 129 | 260 |
| 105 | 185 |
| 137 | 595 |
| 105 | 185 |
| 40a | 394 |
| 105 | 185 |
| 162 | 47 |
| 105 | 185 |
| 181 | 32 |
| 181 | 152 |
| 105 | 185 |
| 183 | 119 |
| 105 | 185 |
| 185 | 222 |
| 105 | 185 |
| 95a | 4 |
| 105 | 185 |
| e210 | 132 |
| 111a | 624 |

plaintiff recovered judgment for $450, which was affirmed in the Appellate Court, it was *held*, that an appeal would lie to this court from the Appellate Court, as more than the sum of $1000 was involved.

2. SAME—*reviewing controverted facts.* In assumpsit to recover the price of goods sold and delivered, where the defendant sets up a special contract for the sale and delivery of a much larger quantity, and a breach thereof, and the evidence is conflicting, the finding of the facts by the Appellate Court the same as by the jury and trial court, is conclusive upon this court, and by the Practice act no assignment of error can be allowed to call in question such finding.

3. EVIDENCE—*questioning evidence called out on cross-examination.* Counsel will not be allowed to cross-examine a witness, and if the testimony elicited is not satisfactory, have it excluded. A party will not be allowed to experiment with a witness in this way.

4. SAME—*letters from strangers to suit not admissible.* A postal card and a letter received by a party to a suit from a third person in reply to letters by such party in relation to the matters in litigation, are not admissible as evidence for such party. The testimony of the persons writing such letters should be taken in the usual way, so that they might be subject to cross-examination.

5. MEASURE OF DAMAGES—*for neglect to supply articles sold and agreed to be delivered.* The true measure of damages for a breach of a contract to sell and deliver five hundred gross of fruit jars, a part of which only were delivered, is the difference between the contract price and the market value of such articles at the time and place fixed by the contract for delivery. If such articles can not be had in the market where by the contract they were to have been delivered, they may be bought in the nearest market, and the additional cost of getting them there will be the cost in the market where they were to be delivered.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

This was an action of assumpsit, brought by the De Steiger Glass Company, against C. M. & J. S. Capen, to recover the price of fifty-four gross of Mason's patent fruit jars, sold and delivered. The contract price was $16 per gross. The defence was that the plaintiff had sold and agreed to deliver to the defendants five hundred gross. There was a contract between the parties for eight car loads, or five hundred gross, of the fruit jars, for the price above stated. Of these, one hundred

and forty-seven gross were delivered and paid for, and fifty-four gross were delivered and not paid for, leaving a deficiency of two hundred and ninety-nine gross not delivered. The price of the fifty-four gross was $864.

Under the defendants' pleas of set-off, proof was introduced, and not disputed, that they were entitled to a credit of $50 for defective goods, and $110.50 for shortage of covers, and for expenses of a trip to La Salle of $4. The sole controversy was over the other items, arising from the failure to deliver the two hundred and ninety-nine gross. The defendants claimed, both in their pleadings and testimony, that they were only able to purchase two hundred and thirteen and one-half gross at any price, anywhere, and that these were bought at Pittsburg, and cost them $5 a gross more than the contract price with the plaintiff, and that they paid for freight on same, $104.78, leaving eighty-five and a half gross that the defendants were unable to obtain anywhere. Under their fourth plea they set up that their loss upon these eighty-five and a half gross was $8 per gross.

The account contended for by defendants was as follows:

| | |
|---|---:|
| For defective goods, | $50.00 |
| " shortage of covers, | 110.50 |
| " trip to La Salle, | 4.00 |
| " jars bought at Pittsburg, $5 additional price - | 1047.50 |
| " additional freight on them, | 104.78 |
| " the 85½ gross (at least) | 427.50 |
| Total, | $1764.28 |
| Contra, | 864.00 |
| | $900.28 |

Instead of this amount in favor of the defendants, the judgment against them was for $450. From this judgment the defendants appealed to the Appellate Court for the Third District, where the judgment was affirmed, and that court granted an appeal to this court.

Messrs. WILLIAMS, BURR & CAPEN, for the appellants:

On motion to dismiss, we say this court has decided that what is actually in controversy under pleas of set-off should be taken into consideration. *Moshier* v. *Shear*, 100 Ill. 469; *Baber* v. *Pittsburg, Cin. and St. Louis R. R. Co.* 93 id. 342.

In case of breach of contract, the injured party, after using reasonable exertions to make his loss as small as possible, is entitled to all the damages naturally arising therefrom, and which was within the contemplation of the parties to the contract. *White* v. *Miller*, 78 N. Y. 393; *Mihills Manf. Co.* v. *Day*, 50 Iowa, 250.

While the usual basis for damages is the market price of the article at the time and place of delivery, still, where there is no market value at that place at that time, the evidence at other markets is admissible. There is no fixed rule upon the subject. The only question is, under all the circumstances, what is just compensation for the loss sustained. *Thorne* v. *McVeagh*, 75 Ill. 81; *Dana* v. *Fiedler*, 12 N. Y. 40; *Coweta Falls Manf. Co.* v. *Rogers*, 19 Ga. 416.

Hearsay is never admissible where better testimony can be adduced. To admit it, is error. 1 Phillips on Evidence, 169; *Mima Queen* v. *Hepburn*, 7 Cr. 290; *Everingham* v. *Mesroon*, 2 Brev. 461; *Page* v. *Parker*, 40 N. H. 47; *Corey* v. *McDaniel*, 42 Ill. 512; *Bishop* v. *Georgeson*, 60 id. 484.

And this rule applies as strongly to market values as to evidence of anything else. *Heath* v. *West*, 26 N. H. 191; *Kost* v. *Bender*, 25 Mich. 515; *Powell* v. *Governor*, 9 Ala. (N. S.) 36; *Green* v. *Caulk*, 16 Md. 556.

Messrs. STEVENSON & EWING, for the appellee:

Unless the amount involved was $1000, exclusive of costs, this court has no jurisdiction. This can not be shown by the pleadings, and it must appear from the finding of the lower court. *Lewis* v. *Shear*, 93 Ill. 121; *Piper* v. *Jackson*, 98 id. 389.

This court can not look into the evidence, but must take the facts to be as found by the Appellate Court. The case depends entirely upon questions of fact, which this court is precluded from considering.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This action was brought by the De Steiger Glass Company, against C. M. & J. S. Capen, to recover for fifty-four gross of the Mason patent fruit jars, at the rate of $16 per gross, which plaintiff had sold and delivered to defendants. There is no controversy as to the number of jars plaintiff had delivered to defendants, nor as to the number not paid for, or as to the price. The defence insisted upon is, that plaintiff had contracted to sell and deliver to defendants five hundred gross of such jars, at prices agreed upon, but had failed to deliver two hundred and ninety-nine gross, and by reason of such failure defendants had sustained damages in excess of any sum due plaintiff, which they, by their pleas, offered to set off against the claim of plaintiff, and asked for a judgment over for any sum that might appear to be due to them. The cause was submitted to a jury in the circuit court, who returned a verdict for plaintiff, and assessed its damages at $500. A motion for a new trial was entered. Plaintiff thereupon entered a *remittitur* of $50, and the court overruled the motion for a new trial and rendered judgment on the verdict for $450 in favor of plaintiff. That judgment was affirmed in the Appellate Court, and defendants bring the case to this court on appeal.

A motion has been made to dismiss this appeal because the sum of $1000, exclusive of costs, is not involved. That motion was reserved to the final hearing, that it might be more fully considered than it could be on a mere motion. The question as to the jurisdiction of this court to hear the appeal has been fully and carefully considered, and a majority of the court are of opinion the case falls within the rule

declared in *Moshier* v. *Shear*, 100 Ill. 469, and that on the authority of that decision the motion to dismiss the appeal should be overruled. On this point in the case the writer of this opinion does not agree with the majority of the court.

Of the set-off pleaded, defendants, by the judgment of the trial court, were allowed $414, which was deducted from the amount of plaintiff's claim. The amount of damages sustained by defendants on account of the alleged breach of their contract with plaintiff could only be ascertained from the evidence, which was quite conflicting. It was the province of the jury to weigh the evidence and determine the facts. That was done, and since the Appellate Court, by the affirmance of the judgment, found the facts the same way, the finding of the latter court is conclusive upon this court, and by the Practice act no assignment of error shall be allowed which shall call in question the determination of the inferior or Appellate Court upon controverted questions of fact, in cases like the one being considered. It only remains, therefore, to consider such questions of law as arise upon the record.

Two objections are insisted upon as being fatal to the present judgment: First, that the court admitted improper evidence for plaintiff, and refused proper evidence tendered by defendants; and second, that the court erred in giving and refusing instructions. Most complaint is made as to the testimony of the witness De Steiger. It will be seen on examination that the testimony of that witness, as given on his direct examination, is unexceptionable. That part of his evidence to which objection is taken, was brought out on cross-examination of the witness by counsel now insisting it is improper. Of that there can be no just ground for complaint. Counsel will not be allowed to cross-examine a witness, and if the testimony elicited is not satisfactory, have it excluded. That would enable a party to experiment with a witness, which is not allowable. The same may be said as to the testimony of other witnesses to which exceptions were

taken.   In the action of the court in refusing to exclude
testimony called out by defendants on cross-examination,
there was no error hurtful to defendants.   Nor was there
any error in the ruling of the court in excluding testimony
tendered by defendants.   A postal card and a letter received
by mail from manufacturers or dealers in the class of goods
in controversy, in answer to letters addressed to them, were
offered by defendants, as evidence, but the court refused to
allow them to be read to the jury.   It is not perceived on
what principle these letters could be admitted as legitimate
evidence.   If it were desirable to prove the facts to which the
letters refer, the depositions of the parties should have been
taken in the usual mode, or the witnesses produced in open
court, that they might be subjected to cross-examination.

As respects the measure of damages for the alleged breach
of the contract pleaded, the law is, defendants would be enti-
tled to recover the difference between the contract price and
the market value of such articles at the time and place fixed
by the contract for delivery.   If the articles could not then
be had in the market where, by the contract, they were to be
delivered, the rule is they may be bought in the nearest mar-
ket, and the additional cost of getting the goods there would
be the cost in the market where they were to be delivered.
It will be seen the instructions given conform with sufficient
accuracy to this view of the law, and there was no error that
could affect injuriously the defence made in the rulings of
the court in giving and refusing instructions.   Indeed, the
instructions, considering them altogether, state the law as
favorably for defendants as they had any right to ask to have
it given to the jury.

No error appearing in the record that can be reviewed in
this court, the judgment of the Appellate Court must be
affirmed, which is done.

*Judgment affirmed.*