DAVID KREIGH *et al.*

*v.*

JOHN J. SHERMAN.

*Filed at Ottawa November 20, 1882.*

1. APPEALS—*finding of facts by Appellate Court.* The affirmance of a judgment by the Appellate Court implies a finding of the facts in the same way they were found in the trial court; and where the action is upon a promissory note, and infancy, and illegality of the consideration are pleaded, such finding of the facts upon issues thus formed can not be reviewed by this court.

2. ERROR—*will not always reverse.* An error in the admission of evidence which does no injury, as, where the same fact has been shown by other unobjectionable evidence, is no ground for a reversal of the judgment.

3. PRACTICE—*when to object to question to witness.* An objection to a question to a witness comes too late when made for the first time in this court. It should be made at the time the question is propounded.

4. EVIDENCE—*question to party—whether improper.* On the trial of a suit upon a promissory note, in which one of the defences was that the note was given for money due and owing upon a gambling contract for the purchase of options on the board of trade, the court asked one of the plaintiffs, who was a witness in the case, if there was no understanding between him and the defendant that he was to furnish pork or grain, and whether the

4—105 ILL.

whole of the transaction, from beginning to end, was not merely to charge the defendant with the differences that might have grown out of the transactions: *Held*, that there was no special objection to the questions.

5. Instruction—*modifying, by directing jury to the evidence, no error.* The modifying of instructions, by calling the attention of the jury to the fact of their duty to determine the nature and character of the transaction in dispute between the parties, from all the evidence in the case, is not an error.

Appeal from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Elliott Anthony, Judge, presiding.

Mr. Geo. F. Westover, for the appellants:

The burden of proof was upon appellee to establish the defence of infancy. 2 Greenleaf on Evidence, sec. 362; *Borthwick* v. *Carruthers*, 1 T. R. 648; *Leader* v. *Barry*, 1 Esp. 253; *Jeure* v. *Ward*, 2 Starkie, 326.

An entry in a family bible is but the declaration of the person making it, and can not be read in evidence if the person who made it is alive, and can be produced. 1 Greenleaf on Evidence, sec. 104, and note; *Fosgate* v. *Herkimer H. and M. Co.* 12 Barb. 352; *Stein* v. *Bowman*, 13 Pet. 220; *Chapman* v. *Chapman*, 2 Conn. 347.

Even with all proper proof of genuineness, such entries can not be read in evidence, except in cases where the oral declarations of the parties are admissible. 1 Greenleaf on Evidence, secs. 103, 105.

The testimony of appellee was but hearsay, and should have been excluded, as long as the parents were both living, and at hand.

The undisputed facts do not show a gambling contract, and a new trial should have been granted. *Sanborn* v. *Benedict*, 78 Ill. 309; *Follansbee* v. *Adams*, 86 id. 13; *Logan* v. *Musick & Brown*, 81 id. 418; *Wolcott* v. *Heath*, 78 id. 433; *Corbett* v. *Underwood*, 83 id. 330.

Even gambling contracts are not void at common law, except when they are indecent or immoral, or tend to a

breach of the peace, or are against public policy, and to render a contract void as a wager contract, it must be brought within the terms of the statute.

The court, upon the trial of the cause, asked of the appellee Davies, who was a witness, while testifying, an improper question, using language calculated to influence and bias the jury, against appellants.

Mr. IRUS COY, for the appellee:

Upon the issue of a ratification of the contract after coming of age, the burden of proof is on the plaintiff.   2 Greenleaf on Evidence, sec. 367.

That the contract was illegal as a gambling one, see *Logan* v. *Musick & Brown,* 81 Ill. 415 ; *Tenney et al.* v. *Foote,* 95 id. 99 ; *Pickering et al.* v. *Case,* 79 id. 330.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by appellants, in the Superior Court of Cook county, against John J. Sherman, to recover the amount of a promissory note which he executed on the 15th day of November, 1876, payable to the order of appellants, on demand, after date.   The defendant pleaded to the action, first, that he was a minor when the note was executed; and secondly, that the consideration of the note was a sum of money due and owing upon a gambling contract, under which he purchased options on the board of trade, in violation of the statute.   Upon a trial of the cause before a jury, a judgment was rendered in favor of the defendant, which was affirmed in the Appellate Court, and as the amount involved exceeded $1000, the plaintiffs appealed to this court, as they had a right to do, under the statute.

The affirmance of the judgment, however, by the Appellate Court, implies a finding of the facts in the same way they were found in the trial court.   In that court, on the evidence introduced, it was found that defendant was a minor

when he executed the note, and that the note was given for money lost by defendant in dealing in options on the board of trade. The finding of the jury was based on controverted facts, and that finding, under the statute, can not be reviewed here, as the judgment of the Appellate Court is final, so far as controverted questions of fact are involved. Only questions of law that arise on the record remain to be considered.

On the trial the family bible, belonging to defendant's mother, which contained the date defendant was born, was offered and admitted in evidence. Whether this evidence was competent, in the absence of proof that the mother, in whose handwriting the entry was made, was dead, or beyond the reach of the court, so that her evidence could not be produced, it will not be necessary here to determine, as there was other evidence upon this point sufficient to sustain the finding of the jury. The defendant himself testified on the trial that he was a minor when the note was executed. His evidence was in no manner contradicted or impeached, and if the bible had been ruled out by the court, the result would have been the same. If the court, therefore, erred in admitting the evidence objected to, it was an error that did no harm, and an error which does no injury can not be urged as a ground for reversing a judgment.

During the trial, on the re-direct examination of appellant Davies, the court asked the following questions, which appellants urge were erroneous:

Q. "Was there no understanding between you and Sherman that he was to furnish pork or to furnish grain?

A. "No understanding at all.

Q. "Now, wasn't the whole of this transaction, from beginning to end, merely to charge him with the differences that may have grown out of the transactions?

A. "No, sir."

We perceive no special objection to the questions, but if they were improper, as no objection was made to the ques-

tions at the time, the objection made for the first time here comes too late.

The court modified three of appellants' instructions, and gave them as modified. This action of the court is relied upon as error. The modification of the instructions consisted merely of a few added lines to each, in which the attention of the jury was called to the fact that it was their duty to determine the nature and character of the transaction between the parties, from all the evidence in the case. The modifications contain no erroneous propositions of law, and we do not think the jury could have been misled by them.

On the application of appellee the court gave five instructions to the jury, which were excepted to by appellants. We have examined the instructions carefully, and we perceive no substantial objection to them. Indeed, the law involved in the case seems to have been fairly given to the jury, and, so far as the record discloses, the parties have had a fair and impartial trial, and we perceive no ground whatever for disturbing the judgment of the Appellate Court.

The judgment will be affirmed.

*Judgment affirmed.*