* PRENTISS D. CHENEY

*v.*

ANDREW W. CROSS.

181    31
f189  1319

*Opinion filed June 17, 1899—Rehearing denied October 6, 1899.*

1. PRACTICE—*alleged errors cannot be first urged in reply brief.* Under rule 15 of the Supreme Court it is not permissible to urge in the reply brief an alleged error or ground for reversal not contained in the brief in chief.

2. SAME—*mixed questions of law and fact are settled in Appellate Court.* On appeal from a judgment of the Appellate Court affirming the lower court's judgment in a suit at law, mixed questions of law and fact are not subject to review by the Supreme Court.

*Cheney* v.*Cross*, 80 Ill. App. 640, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Jersey county; the Hon. OWEN P. THOMPSON, Judge, presiding.

THOMAS F. FERNS, and A. H. BELL, for appellant.

HAMILTON & HAMILTON, and GEORGE W. HERDMAN, for appellee.

Per CURIAM: This was an action of assumpsit, instituted by the appellee, against the appellant, to recover upon a promissory note executed by the latter to the former, and also for attorney's fees, costs and expenses incurred in the prosecution of an action brought by him in the State of New Jersey on another note executed by one D'Arcy, payable to appellant, and which was deliv-

ered to the appellee as collateral security for the note given by appellant to appellee. Appellant filed a plea of set-off, the averments whereof in substance were, that appellee, prior to bringing action on the note held as collateral security, sold and assigned the note given him by the appellant, and was defeated in the action to collect the note held as collateral because he brought said suit in his own name and was without beneficial interest therein, and that appellant had no notice or knowledge that appellee had endorsed and assigned the principal note until after the note held by him as collateral had become barred by operation of the Statute of Limitations. Appellee replied that he prosecuted the suit in the State of New Jersey with due care and diligence; that he gave appellant full notice of the suit; that appellant advised appellee and his attorney in said suit as to the course to be pursued until the termination of the action, was present at the trial and participated fully in the prosecution thereof, and that the suit upon said note was defeated upon the issue there was no consideration for the execution thereof. The cause was submitted to the court for trial without a jury. The court found the issues for the plaintiff and entered judgment accordingly, and such judgment was affirmed by the Appellate Court for the Third District. This is an appeal to reverse the judgment of the Appellate Court.

We are restricted to the review of questions of law arising on the record. (Hurd's Stat. 1895, chap. 110, sec. 89, entitled "Practice.") The affirmance of the judgment by the Appellate Court implies a finding of facts in the same way as found by the trial court, (*Kreigh* v. *Sherman*, 105 Ill. 49; *Paddon* v. *People's Ins. Co.* 107 id. 196;) and this court is precluded from reviewing controverted questions of fact. (*Capen* v. *DeSteiger Glass Co.* 105 Ill. 185; *Indianapolis and St. Louis Railroad Co.* v. *Morgenstern*, 106 id. 216.) Nor are mixed questions of law and fact subject to review in this court. *Meyer* v. *Butterbrodt*, 146 Ill. 131.

The motion of appellant for judgment on the pleading, entered at the time the court overruled appellee's demurrer to certain counts of appellant's plea of set-off, was properly denied. Appellee had the right to plead over to such counts. The motion was renewed after the issues had been joined, a jury waived and the cause submitted to the court for trial, and was, it is urged, erroneously overruled. Neither of these alleged errors is mentioned in the brief in chief for appellant. In the reply brief the rulings of the court on these motions are mentioned as being questions of law open for review in this court, but it is not pointed out wherein it is supposed the court erred in any of the many rulings upon questions of pleading, nor are any grounds disclosed or reasons advanced in support of the motion. Moreover, it is not permissible, under rule 15 of the rules of this court, to urge in the reply brief an alleged error or point for reversal not contained in the brief in chief.

It is not complained the court erred in passing upon any question relative to the admissibility of testimony.

Aside from the general statement, "the propositions (of law) asked by appellee were improperly given," there is no complaint in the brief in chief as to the action by the court in that respect. In the reply brief, objections to one of such propositions are specified, but we need not refer thereto further than to say such specification is in violation of rule 15, before referred to, and that it would not be just to appellee, who has not had and cannot have opportunity to be heard upon the question, that we should consider the objections. It is not improper we should remark the proposition referred to called upon the court to rule upon a mixed question of law and fact, and for that reason the ruling is not subject to review in this court. *Meyer* v. *Butterbrodt, supra.*

The court held ten of the propositions of law asked by appellant to be correct and refused to so hold as to four others. In the brief it is asserted those "refused

181—3

by the court were improperly refused," but no reason to maintain the assertion is advanced, except as to proposition No. 14 refused. As to No. 14, counsel insist it was, in effect, "a motion to find for the appellant," and for that reason urge it should have been given. The proposition is as follows:

"The court holds that under the law and evidence the finding of the court should be for the defendant, Cheney, for such sum as the value of the D'Arcy note exceeds in value the amount due on the principal note due from Cheney to Cross."

This proposition, and the action of the court upon it, do not raise any question of law for re-examination in this court. The appellant occupied the position of a plaintiff on the issues made under his plea of set-off, and in order to prevail thereon it was necessary such issues should be sustained by a preponderance of the evidence produced upon the hearing. (*Laird* v. *Warren*, 92 Ill. 204; *Osgood* v. *Groseclose*, 159 id. 511.) The testimony bearing upon the issues raised by the plea of set-off was contradictory, and in the opinion of the trial judge and of the Appellate Court the evidence did not so preponderate. The action of the court in refusing the proposition may as well be attributed to the view entertained by the court as to the weight of the evidence, as the view upon any point of law involved in the proposition.

Notwithstanding the fact counsel for appellant have not advised us in what respect it is supposed the court erred in refusing to hold the three other refused propositions, we have examined them in connection with the propositions held in his behalf, and find all the principles of law referred to in the refused propositions are correctly announced in the propositions held in behalf of the appellant.

Finding none of the alleged errors to be well assigned the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*