THE MERCHANTS' LOAN AND TRUST COMPANY, Exr.

*v.*

ALEXANDER S. BRADLEY.

*Opinion filed June 23, 1904.*

1. APPEALS AND ERRORS—*effect of remittitur reducing amount of the judgment.* The court may, at the same term at which judgment was entered, require the entry of a *remittitur* to cure a mistake in the addition of undisputed items in defendant's set-off, and where the appeal allowed from the original judgment has not been perfected, the judgment appealed from must be regarded as for the amount to which it was reduced by the *remittitur.*

2. SAME—*when amount involved must be determined from transcript.* If an issue of fact is tried in assumpsit showing the defendant to be entitled to a certain amount as a set-off, the amount involved must be determined from the evidence as it appears in transcript.

3. SAME—*rule as to amount involved when defendant denies cause of action and files set-off.* If the defendant denies the existence of the cause of action and files a plea of set-off, the amount involved, in case of a judgment for plaintiff, is the amount of the judgment added to amount of the set-off which the evidence tends to prove.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

J. B. LANGWORTHY, for appellant.

E. A. & W. K. OTIS, and DWIGHT W. GRAVES, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Bradley, an attorney at law, brought suit in assumpsit in the superior court of Cook county against Sexton to recover a balance of $1200 due him for services and cash paid out, as he alleges. The pleas were the general issue and set-off. There was a verdict and judgment for plaintiff, which has been affirmed by the Appellate Court

for the First District, and Sexton having died while the case was pending in that court, his executor prosecutes this further appeal.

No certificate of importance was obtained in the Appellate Court, and appellee questions the jurisdiction of this court by a motion to dismiss the appeal, on the ground that the amount involved is less than $1000, exclusive of costs. The judgment originally entered in the superior court was in accordance with the verdict for $1022.88, and from the judgment so entered defendant prayed an appeal, which was allowed. Afterward, and at the same term and before the appeal was perfected, Bradley, the plaintiff below, in pursuance of an order made by the court, entered a *remittitur*, which reduced the judgment to $987.73, and the judgment stood at this sum when Sexton, the defendant below, filed his appeal bond in the superior court and perfected his appeal. As the court had complete control of this judgment during the term and could set it aside or vacate it entirely, it therefore had power to enter the order allowing the *remittitur*, and as that *remittitur* reduced the amount to less than $1000 prior to the time the appeal bond was filed, we must hold that the judgment appealed from was for the amount at which it stood after the entry of the *remittitur*. There was an issue of fact which was tried. The evidence showed Sexton entitled to a set-off in the sum of $212.27. The amount involved must, in this state of the record, be determined from the evidence as it appears in the transcript. *Murray Iron Works Co.* v. *DeKalb Electric Co.* 200 Ill. 186.

The set-off claimed grew out of the fact that Bradley had collected certain rents belonging to Sexton. A statement of the account involving these rents was tacitly agreed upon as correct by the parties on the trial in the superior court, and computation based upon the figures contained in that account shows that the amount due from Bradley to Sexton thereon was $212.27. The court,

in instructing the jury, directed them to allow Sexton the sum of $177.12 by way of set-off. This amount, in the instruction, was reached by an error in adding and subtracting the various sums making up the account, and was not fixed as the result of any disagreement or misunderstanding in regard to the items of the statement from which the set-off is figured. The total amount of Bradley's claim against Sexton for attorney's fees was $1200. It is apparent that the verdict of the jury was reached by deducting this sum, $177.12, from $1200, leaving $1022.88. The *remittitur* of $35.15 is the difference between the set-off as allowed by the jury in accordance with the court's instruction, and the amount of the set-off as shown by the account, which states the items correctly. There would seem to be no question, therefore, but that the *remittitur* was entered by Bradley for the purpose of allowing Sexton credit for the full amount of the set-off to which he was entitled, and not for the mere purpose of reducing the judgment to an amount insufficient to give this court jurisdiction of the cause on appeal.

Bradley's claim was for professional services rendered in three different suits and for $20 paid for expenses. As to two of these suits, known as the Martin case and the Rice Machinery Company case, in which the fees aggregated $188, as charged, Sexton denied any liability whatever to Bradley for his services. The other, which may be referred to as the Burke case, had been pending several years. Bradley had been paid in full for all services rendered by him therein up to and including July 15, 1899. The next service rendered by Bradley in that litigation, as appears from his statement, was taking the deposition of Burke on August 12, 1899, and from that time down to the termination of the litigation he rendered services for which he charges $1217, and paid expenses on account of the litigation, for which he claims Sexton was liable, to the amount of $20, making $1237

on account of such services and expenses.  Sexton had made payments from time to time, aggregating $225, which left a balance claimed by Bradley, at the time suit was brought, on account of services rendered and expenses paid in this matter, of $1012, which, with the $188 which Bradley sought to recover for services in the other two suits, made the total of his claim $1200.  Sexton did not contend in the trial below that he owed no part of this $1012.  There was no question but that these services in the Burke case were rendered at his request and that he was liable for whatever they were reasonably worth.  He took the testimony of Elisha A. Field, an attorney who had been associated with Bradley representing Sexton in the last mentioned suit, and this witness testified, in answer to a question propounded by counsel for Sexton, that $500 or $600 would be a reasonable compensation for the services rendered by Bradley, beginning with the taking of the Burke deposition and ending with the conclusion of the litigation.  No other witness testified on Sexton's part to the value of these services, and Sexton himself did not state what they were worth, or that Bradley had been paid all that was due him on account of such services.  The substance of his testimony was that Bradley was overcharging him, but to what extent he did not say.  Evidence which plaintiff offered tended to show that his services were worth as much as he was claiming for them.

If it be conceded that Sexton is not liable for any part of the $188 charged against him for services in the Martin and Rice Machinery Company suits, and if the $20 for expenses be disregarded, still, if these services in the Burke litigation were worth but $500, the lowest amount fixed by testimony offered by Sexton, and if the payment of $225 which had been made by Sexton, and the set-off as agreed upon, $212.27, (a total of $437.27,) be deducted from the $500, Bradley would be entitled to a verdict for $62.73.  It is apparent that the only question involved

is whether Bradley is entitled to a judgment for $987.73, or for some lesser amount.

The question of what amount is involved where the defendant claims a set-off and there has been a judgment for the plaintiff has been considered by us in *Capen* v. *DeSteiger Glass Co.* 105 Ill. 185, *Lake Erie and Western Railroad Co.* v. *Faught,* 129 id. 257, and in *Smith* v. *Rountree,* 185 id. 219, and the rule is, that where the defendant denies the existence of a cause of action in favor of the plaintiff and files a plea of set-off, and there is judgment for the plaintiff, if the amount of that judgment, added to the amount of the set-off which the evidence tends to prove, exceeds $1000, then more than $1000 is involved, within the meaning of the statute; as in *Smith* v. *Rountree, supra,* where the defendant denied any liability whatever on account of the claims asserted against him by the plaintiff but where the judgment for the plaintiff was $866.29, and there was evidence tending to establish items of set-off aggregating $200, it is apparent that $1066.29 was involved, that being the difference between the judgment that was rendered and the judgment that would have been rendered had defendant's plea in bar prevailed and a verdict been rendered in defendant's favor for the amount which the evidence tended to prove he was entitled to recover under his plea of set-off. Here plaintiff's cause of action is not wholly denied. If the verdict had been rendered alone upon the evidence most favorable to Sexton, it would have been in plaintiff's favor for the sum of $62.73. The amount involved, therefore, cannot exceed $987.73, for which recovery was had.

Accordingly, the appeal will be dismissed.

*Appeal dismissed.*