JOSEPH W. BARE *et al.* Appellees, *vs.* THE AMERICAN FORWARDING COMPANY, Appellant.

*Opinion filed October 26, 1909—Rehearing denied Dec. 9, 1909.*

1. PRACTICE—*question of fact is not converted into one of law by putting it in form of a proposition.* Section 61 of the Practice act, relating to written propositions to be held as the law, applies to questions of law only, and does not authorize the preservation for review in the Supreme Court of questions of fact or mixed questions of law and fact by putting the matter into the form of a proposition and submitting it to the court to be held or refused.

2. SAME—*effect of amendment of 1907 authorizing findings on questions of fact.* By the amendment of section 61 of the Practice act in 1907 the trial court, in a trial by agreement without a jury, may be required to find specially upon any material question of fact submitted in writing by either party; but it is not provided that such finding of fact shall be subject to review in the Supreme Court.

3. SAME—*whether a defendant is a common carrier is a question of fact.* Where the plaintiff affirms and the defendant denies

that the defendant is a common carrier the question becomes a controverted question of fact to be determined by a consideration of the evidence, and the finding of the trial court, from the evidence, that such relation exists, when affirmed by the Appellate Court, is conclusive on the Supreme Court, notwithstanding the trial court was asked to hold as a matter of law that the defendant was not a common carrier.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding.

BRYAN Y. CRAIG, for appellant.

A. L. GETTYS, and F. V. CAMPE, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

A judgment recovered by the plaintiff in the municipal court of Chicago for the loss in transit of a trunk and its contents was affirmed by the Appellate Court, and the defendant has appealed, having obtained a certificate of importance.

The cause was tried by the court without a jury. Certain propositions were submitted to be held as law in the case. No question was made on the pleadings and no exception was taken to any ruling of the court on the trial except on these propositions.

It is insisted that the court erred in refusing the seventh proposition presented by the appellant and in holding two propositions prepared by the court. The seventh proposition asks the court to find, as a matter of law, that the appellant is not a common carrier and is not liable as such. The first proposition prepared by the court finds, from the evidence, that the defendant is a common carrier and liable as such, and the second finds the kind of business the defendant is engaged in and its manner of conducting it. On the trial the appellee claimed that the appellant was a com-

mon carrier, and therefore liable for the loss of the trunk without regard to any question of negligence, while the appellant claims that it was not a carrier but a mere forwarder, and was therefore not liable. Whether or not the appellant was a common carrier was a controverted question of fact, dependent upon the nature of the business in which it was engaged and to be determined only from a consideration of the evidence. This question of fact was not converted into a question of law by putting it into the form of a proposition to be acted upon by the court. Section 61 of the Practice act provides that upon a trial by the court either party may submit written propositions to be held as law in the decision of the case and may except to the ruling of the court on such propositions. This provision of the statute does not authorize the preservation for review in this court of the findings of fact by the trial court by means of propositions of fact submitted to the court, but applies to propositions of law, only. (*Gilbert* v. *Sprague,* 196 Ill. 444; *O'Flaherty* v. *Mann,* id. 304; *In re Tobin,* id. 484.) Nor is a proposition calling upon the court to rule upon a mixed question of law and fact subject to review in this court. (*Cheney* v. *Cross,* 181 Ill. 31.) By the amendment of 1907 this section now provides that the trial court may be required to find specially upon questions of fact, but not that such finding of fact shall be subject to review in this court.

It is conceded that if the appellant was a common carrier the judgment of the municipal court is right. The judgment of affirmance by the Appellate Court is conclusive of that question and is therefore affirmed.

*Judgment affirmed.*