## Judson Freight Forwarding Company, Plaintiff in Error, v. Delaware, Lackawanna and Western Railroad Company, Defendant in Error.

## Gen. No. 15,674.

COMMON CARRIERS—*when forwarding company entitled to lien.* If a forwarding company undertakes to transport merchandise and delivers the same to a carrier, paying the freight but providing for reimbursement through the medium of a draft attached to the bill of lading, the forwarding company has a lien upon the property until the draft is paid, and if the railroad company makes delivery without payment of the draft the forwarding company may recover.

Error to the Municipal Court of Chicago; the HON. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed with finding of fact. Opinion filed October 3, 1911.

PARKER & HAGAN, for plaintiff in error; GEORGE G. KING, of counsel.

ADAMS & CANDEE, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

This case was submitted to the court without a jury, upon an agreed statement of facts, and the finding was for the defendant in error, being the defendant below, upon which finding judgment was rendered.

The statement of facts shows that on November 19, 1907, a Mrs. Bailey delivered a quantity of household goods to the Stringer Storage Company, owner of a public warehouse at San Francisco, with directions to ship the same to her at New York. Thereupon the storage company made a contract with the plaintiff in error for the shipment of the goods, the plaintiff in

error being a forwarding company.    A release was signed by the storage company limiting the liability of the forwarding company to $5 per cwt. in case of loss or damage, and a receipt was given by the forwarding company to the storage company somewhat in the language of a bill of lading, in which the weight and rate of transportation were set forth.    The forwarding company, being the plaintiff in error here, thereupon caused the goods to be transported to Chicago, prepaying the transportation charges to the railroad company. The goods were then transported from Chicago to New York over the lines of the New York, Chicago & St. Louis Railroad Company and the Delaware, Lackawanna & Western Railroad Company, the charges being prepaid to New York.    The bill of lading issued by the first named railroad company shows that the consignee was "Order Judson Freight Forwarding Co. NFY.. Mrs. E. Bailey, 436 E. 57th St. Hotel St. Regis, New York, N. Y."    There is contained among its printed conditions this language:

"If the word 'order' is written hereon immediately before or after the name of the party to whose order the property is consigned, without any condition or limitation other than the name of the party to be notified of the arrival of the property, the surrender of this Bill of Lading properly endorsed shall be required before the delivery of property at destination. If any other than the aforesaid form of consignment is used herein, the said property may, at the option of the Carrier, be delivered without requiring the production or surrender of this Bill of Lading."

The defendant in error attached this bill of lading to a draft upon Mrs. Bailey, the bill of lading then having upon it an endorsement signed by the plaintiff in error, and reading as follows:    "Deliver to Mrs. E. Bailey or order upon surrender of this Bill-of-Lading."    The amount of the draft was $112.20, that sum being the amount claimed in this suit to be

due the plaintiff in error on account of a lien which it asserts upon the goods. From the statement of facts it would appear that this amount was what had been expended by the plaintiff in error in the payment of the railroad freight charges from San Francisco to New York. The statement of facts further shows that the goods were delivered to Mrs. Bailey in New York upon surrender by her of the receipt given by the storage company, but without surrender of the bill of lading issued by the New York, Chicago & St. Louis Railroad Company, which was the initial carrier in the carriage from Chicago to New York. The draft upon Mrs. Bailey, to which the bill of lading was attached, was not paid. The plaintiff offered in evidence the bill of lading and under it claimed the right to recover.

The court below held that the plaintiff in error had no lien. A large part of the argument of the plaintiff in error in seeking a reversal of the judgment is based upon the contention that it in some way was subrogated to the rights and liens of the railroad companies for their freight charges. The defendant in error, however, insists that as these freight charges were all prepaid no lien exists and that therefore there could be no subrogation. We do not think the rights of the parties turn upon the question of subrogation. It appears from the statement of facts that the plaintiff in error undertook as a forwarder to transport the goods as part of a carload from San Francisco, the business evidently being handled in that way in order that the benefit (in respect to the transportation from San Francisco to Chicago) of the reduced rate which is made upon goods shipped in a carload lot from that demanded when shipped in less than carload lots might be obtained. It has been held by this court, in a case which has been affirmed by the Supreme Court, that

in such a case a forwarding. company must be regarded as a common carrier.    Bare et al. v. American Forwarding Co., 146 Ill. App. 388 (242 Ill. 298).

Whether the plaintiff in error be treated as a forwarder or as a common carrier, we think the law is clear that it would have a lien upon the freight caused to be transported for its charges and for the railroads' charges advanced by it.    The plaintiff in error undertook to retain this lien by consigning the goods to its own order at New York.    By the rules of the railroad company, as shown in the conditions of the bill of lading heretofore set forth, the surrender of the bill of lading (where the same is made out, as was done in this case, "to the order of" the consignor as consignee) is essential before the delivery of the freight.    This rule or condition is, by the terms of the bill of lading, made part of the contract, and is so generally known that it may be said to have ripened into a custom.

Our attention has been called by the defendant in error to a large number of cases holding that in an action against a common carrier by the holder of a bill of lading, it is a complete defense that the carrier had delivered the goods to the lawful owner who was entitled to the possession thereof,—among others, The "Idaho," 93 U. S. 575; American Express Co. v. Greenhalgh, 80 Ill. 68.    There is no question but that this is a correct statement of the law.    Applying it, however, to the present case, we hold that Mrs. Bailey, to whom the goods were delivered, was not entitled to the possession thereof, and could not have become so until the lien of plaintiff in error was satisfied.

The judgment is reversed with a finding of fact, and judgment entered in this court in favor of the plaintiff in error, Judson Freight Forwarding Company, and against the defendant in error, Delaware, Lacka-

wanna & Western Railroad Company, in the sum of $112.20.

*Reversed with finding of fact.*