HENRY FESSER, Appellee, *vs.* THE CHICAGO AND ILLINOIS
MIDLAND RAILWAY COMPANY, Appellant.

*Opinion filed April 22, 1915.*

1. CARRIERS—*the contracting carrier is liable for negligence of
the connecting carrier.* Where a common carrier contracts to de-
liver goods at a certain destination all connecting carriers become
agents for the contracting carrier and it is responsible for their
negligence or default.

2. APPEALS AND ERRORS—*when question whether stock yards
company was a common carrier is settled.* Whether the stock
yards company to which the contracting carrier delivered a ship-
ment of hogs was a common carrier is a question which is settled
by a judgment of the Appellate Court affirming the judgment of
the lower court entered in accordance with the verdict of the jury,
if there is any evidence fairly tending to support the judgment.

3. SAME—*when question of sufficiency or weight of evidence
cannot be raised in Supreme Court.* On appeal from a judgment
of the Appellate Court affirming a judgment of the trial court en-
tered in accordance with the verdict of the jury in a suit at law,
the questions whether the evidence is sufficient to support the ver-
dict or whether the verdict is against the weight of the evidence
cannot be raised in the Supreme Court.

APPEAL from the Appellate Court for the Third Dis-
trict;—heard in that court on appeal from the Circuit
Court of Christian county; the Hon. A. M. ROSE, Judge,
presiding.

WALTER M. PROVINE, for appellant.

J. E. HOGAN, and W. B. McBRIDE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action brought by appellee in the circuit
court of Christian county against the Illinois Central Rail-
road Company and the appellant, the Chicago and Illinois
Midland Railway Company, to recover damages for loss
alleged to have been sustained by reason of alleged dam-

age to stock because of delay in shipment and decline in market. On the trial in the court below the suit was dismissed as to the Illinois Central Railroad Company. The jury returned a verdict for $150 against appellant, upon which judgment was entered by the trial court. On appeal to the Appellate Court that judgment was affirmed. A certificate of importance was granted and this appeal followed.

The evidence shows that the appellee shipped three carloads of hogs on June 2, 1913, from Kincaid over the appellant's railroad, consigned to the Woodson & Fennewald Live Stock Commission Company, which was located in the National Stock Yards in East St. Louis. The stock was loaded after eleven o'clock in the forenoon. The train carrying the hogs left Kincaid about noon of the same day, and at Pawnee Junction the cars with the hogs were transferred to the Illinois Central railroad about 5:30 that afternoon. The hogs arrived over the Illinois Central railroad in East St. Louis the next morning about 5:30 and the cars were placed by the Illinois Central Railroad Company on the tracks of the National Stock Yards Company at 7:50 that morning, about a quarter of a mile from the unloading chutes, where they remained until a little after noon, when they were unloaded at those chutes. The market for that day closed at twelve o'clock noon. Five of the hogs were found dead at the time they were unloaded and others were not in good shape. It is apparent from the evidence that this condition was caused, partially at least, by the heat. The proof tended to show that all the hogs, because of the condition in which they were received, had depreciated in weight, and the appellee was compelled to accept a lower price on a declining market because he could not sell in the forenoon of the day when they arrived in East St. Louis. The proof tends to show that shipments of the same kind from Kincaid, Christian county, to East

St. Louis, were usually switched and placed at the chutes in question some time between seven and nine o'clock the morning after they were shipped from Kincaid. The National Stock Yards Company owned its own tracks and used its own equipment of engines and men to place the cars left in its yards by the various railroads in the positions where they were to be unloaded. The evidence tends to show that all the hogs that are shipped on cars to be delivered to the various commission houses in the National Stock Yards at East St. Louis are unloaded from the cars at one chute in said yards, this chute belonging to the National Stock Yards Company.

Appellant first contends that the Appellate Court erred in holding that the National Stock Yards Company is a common carrier; that such holding is contrary to the evidence. The rule is, that when a common carrier contracts to deliver goods at a certain place all connecting carriers become agents of such contracting carrier, for whose negligence or default it is responsible. (*Illinois Central Railroad Co.* v. *Frankenberg,* 54 Ill. 88; *McNulta* v. *Ensch,* 134 id. 46; *St. Louis Southwestern Railway Co.* v. *Elgin Condensed Milk Co.* 175 id. 557.) Most favorably considered, on this record, the question whether the stock yards company is a common carrier is one of controverted fact. On such a controverted question of fact the verdict of the jury and judgment of the trial court, affirmed by the Appellate Court, are binding on this court. (*Bare* v. *American Forwarding Co.* 242 Ill. 298.) This court has repeatedly held that it is not the province of the court to determine or pass upon questions of fact which have been determined by the jury, the trial court and the Appellate Court, except to ascertain whether or not there is any record evidence fairly tending to prove the facts alleged in the declaration, and only then in case the question is saved by a motion to direct a verdict. The weight to be given to the evidence

must be submitted to the jury, and when their finding of fact has been approved by the trial court and Appellate Court, no question of fact as to whether one witness' story is more reasonable than another, whether the evidence is sufficient to support the verdict, or whether the weight or preponderance of the evidence is against the verdict of the jury, can be raised in this court. (*Lake Shore and Michigan Southern Railroad Co.* v. *Richards,* 152 Ill. 59; *Libby, McNeill & Libby* v. *Cook,* 222 id. 206; *Rigdon* v. *More,* 226 id. 382; *Reiter* v. *Standard Scale Co.* 237 id. 374; *Eblin* v. *American Car Co.* 238 id. 176.) There is evidence in this record tending to show that the stock yards company is a common carrier.

Counsel further argue that the averment in the declaration upon which this case was submitted to the jury, that appellant agreed to safely and securely carry and deliver said stock "over their said lines from Kincaid to the firm of Woodson & Fennewald Live Stock Commission Company at their unloading chutes in the National Stock Yards in East St. Louis, Illinois," is not supported by the evidence. Here, again, we think there is a controverted question of fact, with evidence tending to support the verdict and the judgment in the trial court and the judgment of the Appellate Court. The same must be said, also, as to the contention of counsel that the evidence does not support the Appellate Court's finding as to the time when the contracts of shipment were signed and as to the negligence of appellant.

On the record presented we find no reversible error. The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*